# CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

Charles Kelly, on behalf of himself and all
Others similarly situated,

                        Plaintiff,

- against -

Community Bank, N.A.,

                        Defendant.

Civil Action No.:
8:19-cv-0919
(MAD/CFH)

-------------------------------------------------------------------------

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable CHRISTIAN F. HUMMEL, United States Magistrate Judge on **October 28, 2019**, at 9:00 a.m. at the United States Courthouse, at Room Number 441, Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than twenty-one (21) days before the scheduled Rule 16 Conference. Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk, no later than seven (7) days prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1) JOINDER OF PARTIES: Any application to join any person as a party to this action shall be made on or before the 30th day of November, 2019.

2) AMENDMENT OF PLEADINGS: Any application to amend the pleadings to this action shall be made on or before the 30th day of July, 2020.

3) DISCOVERY: All discovery in this action shall be completed on or before the 30th day of July, 2020. (Discovery time table is to be based on the complexity of the action)

4) MOTIONS: All motions, including discovery motions, shall be made on or before the 30th day of August, 2020. (Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)

5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL: The action will be ready to proceed to trial on or before the __18th____ day of __January_____, 2021__. It is anticipated that the trial will take approximately _7 to 10__ days to complete. The parties request that the trial be held in Syracuse, New York.
(The proposed date for the commencement of trial must be within 18 months of the filing date).

6) HAVE THE PARTIES FILED A JURY DEMAND:  __x_ (YES)  ____ (NO)

7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?

Defendant Community Bank asserts that the plaintiff lacks standing with respect to certain of the claims in the complaint, and that the Court therefore lacks jurisdiction over those claims.

Plaintiff submits that he has been damaged by Community Bank's practices and has standing.

Community Bank has been served.

8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?

Plaintiff asserts that Community Bank has charged overdraft fees on transactions that did not actually overdraw plaintiff's account, and are therefore not authorized under the contractual agreement between the parties. Plaintiff also asserts that Community Bank has charged overdraft fees on intrabank transfers between different accounts plaintiff maintains at Community Bank, and that those fees are not authorized under the contractual agreement between the parties.

Community Bank denies that it has charged overdraft fees on transactions that did not overdraw plaintiff's account. Community Bank also denies that the contractual agreements between the parties do not authorize overdraft fees on intrabank transfers that overdraw plaintiff's checking account. Community Bank maintains that all of the overdraft fees that have been charged to plaintiff are authorized under the contractual agreement between the parties.

9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?

The parties dispute the meaning of the contractual agreements governing plaintiff's account, and whether they authorize the overdraft fees that have been charged to the plaintiff.

10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?

Community Bank maintains that the issues can be narrowed or resolved entirely by motions under Rule 12(b)(1) and 12(b)(6). The issues in dispute turn on the interpretation of the applicable contractual documents, which is a question of law for the Court.

Plaintiff intends to oppose Defendant's Motions, and will move for class certification and/or for summary judgment at the appropriate time.

11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?

Plaintiff seeks declaratory and monetary relief. Plaintiff seeks a declaration that Community Bank's overdraft practices are wrongful.

Plaintiff seeks monetary relief by the return of overdraft fees that plaintiff claims were unlawfully charged.

12) DISCOVERY PLAN:

    A.    <u>Mandatory Disclosures</u>

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

The parties request that the time for mandatory disclosures be extended to November 30, 2019.

B.  Subjects of Disclosure

The parties jointly agree that discovery will be needed to address the following subjects:

Plaintiff intends to seek discovery regarding Defendant's overdraft fee policies, practices, and disclosures; and the amount of damages suffered by Plaintiff and the putative classes. Plaintiff disagrees that his "course of dealing" with "other financial institutions" is a relevant topic of inquiry, as Defendant proposes below.

Community Bank intends to seek discovery regarding plaintiff's course of dealing with Community Bank and other financial institutions at which he has held accounts.

C.  Discovery Sequence

*Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.*

The parties agree that they will not commence general discovery until Community Bank's motions under Rule 12 are resolved. However, the parties may immediately serve and conduct discovery solely related to plaintiff's account(s) at Community Bank, bank fees assessed on plaintiff's account(s), and the manner and method in which Community Bank assessed bank fees on plaintiff's account(s).

D.  Written Discovery

*Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.*

Plaintiff intends to seek discovery regarding Defendant's overdraft fee policies, practices, and disclosures; and the amount of damages suffered by Plaintiff and the putative classes.

Community Bank will serve document demands on plaintiff concerning his dealings with Community Bank and to identify other financial institutions he has had accounts with. Community Bank will likely serve subpoenas on other financial institutions plaintiff has had accounts with to obtain account documents.

E.  Depositions

*Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.*

Plaintiff intends to take fact depositions up to the maximum number allowed by the Federal Rules of Civil Procedure.

Community Bank intends to conduct the deposition of plaintiff. Community Bank may also conduct non-party depositions of other Community Bank depositors.

F.  Experts

*Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).*

Plaintiff may retain a database expert to review transactional data related to overdraft charges; and an expert on the banking industry and customs and practices with respect to overdraft charges.

Community Bank intends to retain a database expert to review transactional data related to overdraft charges. Community Bank may also retain an expert on the banking industry and customs and practices with respect to overdraft charges. Community Bank may also retain a survey expert with respect to depositors' understanding of overdraft practices.

G.  Electronic Discovery

*Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached*

*with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.*

Community Bank maintains that discovery of electronically stored information is not necessary in this case beyond the transactional records of accounts.

Upon the commencement of general discovery, Plaintiff will seek electronically stored information, including emails and other communications and documents, related to the claims in this litigation.

### H. Protective Orders

*If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.*

A Protective Order will be necessary. The discovery will likely include depositor information which should be protected from further disclosure.

### I. Anticipated Issues Requiring Court Intervention

*Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.*

Community Bank believes court intervention may be necessary if plaintiff seeks discovery of electronically stored information beyond transactional data. Community Bank maintains that the issues in dispute turn on the Court's interpretation of the contractual documents, and that other discovery is unnecessary.

Plaintiff disputes the foregoing. ESI is relevant and reasonably calculated to reveal evidence needed to support Plaintiff's breach of contract, common law, and GBL 349 claims.

13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?

Not at this time.

14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?

No

15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?

Plaintiff will move for class certification no later than 8 months after the commencement of general discovery.

16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? *Please circle below the prospect for settlement:*

____7____ out of 10

1    2    3    4    5    6    [7]    8    9    10
(VERY UNLIKELY) → → → → → → → → → → → (LIKELY)

CANNOT BE EVALUATED PRIOR TO   Return on Motion to Dismiss   (DATE)

HOW CAN SETTLEMENT EFFORTS BE ASSISTED?

The parties intend to use a private mediator. Counsel for the respective parties have been involved in other litigations regarding overdraft fees and agree that retention of a mediator familiar with the issues is the most likely way to reach settlement. The parties agree that mediation should not occur until the parties have had the opportunity for limited exchange of information consisting of the transactional data.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.

17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:

    A.    Reviewed General Order #47?
            YES       NO

    B.    Reviewed the List of Court Approved Mediators available on the NDNY website?
            YES       NO

    C.    Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program.
            YES       NO

    D.    Discussed the time frame needed to complete Mandatory Mediation?
            YES       NO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a conference was held on <u>October 3, 2019</u> at <u>1:00 p.m.</u> and was attended by:

<u>James Peluso & Jeff Kaliel</u>      for plaintiff(s)

<u>Jonathan B. Fellows & Stuart Richter</u>      for defendant(s)_____
                                                                            (party name)

_____for defendant(s)_____
                                                                            (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the Clerk no later than seven (7) days in advance of the conference date.*