

One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com

JONATHAN B. FELLOWS, ESQ.
jfellows@bsk.com
P: 315.218.8120
F: 315.218.8100

December 18, 2019

**VIA ECF**

Hon. Mae A. D'Agostino
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

Re: *Kelly v. Community Bank, N.A., Civil Action No. 8:19-cv-00919 (MAD-CFH)*

Dear Judge D'Agostino:

We represent Community Bank, N.A.

We write to request that the Court take as submitted Community Bank's unopposed motion to dismiss the complaint in this matter (Docket No. 35), and issue the Court's ruling on the motion in due course. Community Bank has followed the Federal Rules, the Local Rules, Your Honor's Individual Rules and Practices, and the schedule set by the Court. Plaintiff has disregarded all of these requirements.

Although counsel for the plaintiff has filed what is denominated as a "motion" to amend the complaint (Docket No. 39), most notably to add new plaintiffs in order to defeat the standing arguments advanced in Community Bank's motion to dismiss, plaintiff has not filed any opposition to the motion to dismiss.

Hon. Mae A. D'Agostino
December 18, 2019
Page 2

This action was commenced on July 26, 2019, by the filing of a complaint by a single plaintiff Charles Kelly. Docket No. 1.

On October 10, 2019, Community Bank filed a pre-motion letter requesting a pre-motion conference. Docket No. 25.

On October 15, 2019, plaintiff filed his letter response with respect to the motion. Docket No. 27.

On October 28, 2019, the Court held a telephone conference with the parties. After hearing from counsel, the Court granted Community Bank permission to make the motion to dismiss, and set a schedule for the motion to be returnable December 17, 2019. The briefing schedule was set by the Court in consultation with both parties. Text Minute Entry October 28, 2019.

Neither in his letter, nor during the pre-motion conference, did plaintiff advise the Court of an intention to amend the complaint. Your Honor's Individual Rules make clear that the intention to respond to a motion by amending the pleading should be raised at the pre-motion conference.

On November 15, 2019, Community Bank filed its motion to dismiss in accordance with the Court's Text Order. Docket No. 35. The motion to dismiss asserted that Mr. Kelly lacked standing to assert the primary claim in the complaint, that the claims were also defeated by Community Bank's disclosures (which were attached to the complaint), and that the "intrabank transfer" claims likewise failed to state a claim.

Hon. Mae A. D'Agostino
December 18, 2019
Page 3

Pursuant to the Court's Text Order, plaintiff's opposition was due on December 2, 2019. On November 25, 2019, plaintiff's counsel requested a two-week extension of the time to respond to the motion to dismiss. Docket No. 37. The stated reason for the request was the Thanksgiving holiday, and the request made no reference to any intent to amend the complaint. Community Bank consented to the request, and the Court reset the filing deadline for plaintiff to oppose the motion to dismiss to December 16, 2019. Docket No. 38.

On December 15, 2019, plaintiff filed what is denominated as a "motion to amend" and asserted that this filing mooted Community Bank's motion to dismiss. Docket No. 39.

The time to amend the complaint as of right, 21 days from the filing of Community Bank's motion to dismiss the complaint (F.R.C.P. 15), expired on December 6, 2019. The "motion" to amend is defective under this Court's local rules as it does not include a notice of motion and does not specify a return date as is required under Local Rule 7.1. Further, under Local Rule 7.1(b)(2) a party filing a non-dispositive motion must first seek a conference with the assigned Magistrate Judge, and the date of the conference must be specified in the notice of motion. Here there is no notice of motion and there was no request for a conference.

Plaintiff's counsel did request by email sent on December 12, 2019, that Community Bank consent to the amended pleading, but in light of the fact that the 21 day period to amend as of right had expired, and of the fact that this Court had set a schedule for briefing on the motion to dismiss (and then extended it at plaintiff's request) Community Bank did not consent to the untimely amendment.

Hon. Mae A. D'Agostino
December 18, 2019
Page 4

At the current time, no opposition has been filed to Community Bank's motion to dismiss. Although plaintiff's counsel asserts that the motion is now moot because plaintiff requested leave to amend, the undisputed fact is that no amended pleading has been filed because leave is required and has not been granted. In fact, there is not even a properly noticed motion for leave.

Plaintiff's request ignores that Community Bank's motion was filed only after complying with the Court's requirement for a letter and conference before the filing of a motion to dismiss. Plaintiff had multiple opportunities to advise the Court and Community Bank of his desire to amend the pleading but did not do so.

Community Bank moved to dismiss pursuant to Rule 12 (b)(1) for lack of standing because a review of the pleadings and Mr. Kelly's statements indicated that Mr. Kelly had not incurred an overdraft fee for what plaintiff's counsel calls "Authorize Positive, Purportedly Settle Negative Transaction (APPSN)." Plaintiff's improperly submitted amended pleading essentially concedes Mr. Kelly's lack of standing by withdrawing his "APPSN" claim, and seeking to add two new plaintiffs, Tina Thompson and Scott Doxey, to pursue such claims.

If, as apparently is the case, Mr. Kelly lacked an actual injury from an "APPSN" overdraft fee, then his claim must be dismissed, and it cannot be saved by adding new plaintiffs. Those new plaintiffs, Ms. Thompson and Mr. Doxey, may file their own actions to pursue "APPSN" claims, but they cannot jump onto and save Mr. Kelly's sinking ship.

Hon. Mae A. D'Agostino
December 18, 2019
Page 5

As there has been no opposition filed to Community Bank's motion, and as no leave has been granted to file the proposed amended complaint, Community Bank respectfully requests that the Court grant its motion to dismiss.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Jonathan B. Fellows

JBF/kf

cc:   All counsel via ECF