UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES KELLY, TINA THOMPSON and SCOTT DOXEY, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY BANK, N.A.,<br><br>Defendant. | **ANSWER TO AMENDED COMPLAINT**<br><br>Civil Action No.<br><br>8:19-cv-0919<br><br>(MAD/CFH) |

Defendant, Community Bank, N.A. ("Community Bank"), by its attorneys Bond, Schoeneck & King, PLLC, answers the Amended Complaint as follows:

1.      With respect to Paragraph 1, ADMITS that plaintiffs seek monetary damages, restitution and declaratory relief as alleged, but DENIES any other allegations in said paragraph, and DENIES that plaintiffs are entitled to any relief.

2.      DENIES the allegations in Paragraph 2.

3.      With respect to Paragraph 3, states that the documents governing plaintiffs' checking accounts speak for themselves and refers the Court to the documents for their terms and provisions, and DENIES any other allegations in said paragraph.

4.      DENIES the allegations in Paragraph 4.

5.      DENIES the allegations in Paragraph 5.

6.      Paragraph 6 states legal conclusions to which no response is required.  To the extent a response is required, Community Bank DENIES the allegations in Paragraph 6.

7.      Paragraph 7 states legal conclusions to which no response is required.  To the extent a response is required, Community Bank DENIES the allegations in Paragraph 7.

3397600.2 3/13/2020

8.      ADMITS the allegations in Paragraph 8 and further states that the plaintiff's checking account is governed by the current Terms and Conditions-Account Agreement and other applicable rules and policies, including the current Overdraft Practices.

9.      ADMITS the allegations in Paragraph 9 and further states that the plaintiff's checking account is governed by the current Terms and Conditions-Account Agreement and other applicable rules and policies, including the current Overdraft Practices.

10.     With respect to Paragraph 10, ADMITS that Community Bank is a bank organized under the National Banking Act, with branches in New York, Pennsylvania, Vermont and Massachusetts and DENIES the remaining allegations in said paragraph.

11.     ADMITS the allegations in Paragraph 11.

12.     ADMITS the allegations in Paragraph 12.

13.     With respect to Paragraph 13, ADMITS that the applicable account documents provide for overdraft fees in the amount of $35.00 and that Community Bank charges overdraft fees for certain transactions and DENIES any other allegations in said paragraph.

14.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 with respect to why plaintiff Thompson is bringing this action, and DENIES any other allegations in said paragraph.

15.     DENIES the allegations in Paragraph 15.

16.     DENIES the allegations in Paragraph 16.

17.     DENIES the allegations in Paragraph 17.

18.     DENIES the allegations in Paragraph 18.

19.     DENIES the allegations in Paragraph 19.

20.     DENIES the allegations in Paragraph 20.

21.     With respect to Paragraph 21, states that the "supervisory highlights" of the Consumer Financial Protection Bureau ("CFPB") speak for themselves and refers the Court to the document for its contents, and DENIES any other allegations in said paragraph.

22.     DENIES the allegations in Paragraph 22.

23.     DENIES the allegations in Paragraph 23.

24.     With respect to Paragraph 24, states that the checking account contract documents speak for themselves and refers the Court to the documents for their terms and provisions, and DENIES any other allegations in said paragraph.

25.     DENIES the allegations in Paragraph 25.

26.     With respect to Paragraph 26, ADMITS that in certain debit card transactions authorization is immediately requested and may be obtained, but DENIES that all debit card transactions take place in the manner alleged in said paragraph.

27.     DENIES the allegations in Paragraph 27.

28.     With respect to Paragraph 28, states that the Federal Register Notice speaks for itself and refers the Court to the Notice for its full contents, and DENIES any other allegations in said paragraph.

29.     ADMITS the allegations in Paragraph 29.

30.     Paragraph 30 contains conclusions of law which are neither admitted nor denied but are submitted to the Court, to the extent a response is required, ADMITS that banks that authorize a debit card transaction at the point of sale are typically obligated to cover the transaction, and DENIES that the paragraph accurately describes all debit card transactions and further states that the provisions of Regulation E as published in the Federal Register speak for themselves.

31.     DENIES the allegations in Paragraph 31.

3397600.2 3/13/2020

32.    With respect to Paragraph 32, ADMITS that plaintiff Thompson's checking account is governed by Community Bank's current standardized Terms and Conditions-Account Agreement and other rules and policies including the current Overdraft Practices and DENIES that Exhibit 1 to the Amended Complaint are the current Terms and Conditions-Account Agreement and DENIES any other allegations in said paragraph.

33.    With respect to Paragraph 33, states that the Terms and Conditions-Account Agreement, Overdraft Practices and other contractual documents speak for themselves and refers the Court to the documents for their terms and provisions, and DENIES any other allegations in said paragraph.

34.    With respect to Paragraph 34, states that the Terms and Conditions-Account Agreement speaks for itself and refers the Court to the document for its terms and provisions, and DENIES any other allegations in said paragraph.

35.    With respect to Paragraph 35, states that the Overdraft Practices document speaks for itself and refers the Court to the Overdraft Practices document for its terms and provisions, and further states that the document attached as Exhibit 2 was not the current Overdraft Practices document in force for plaintiffs' accounts.

36.    DENIES the allegations in Paragraph 36.

37.    DENIES the allegations in Paragraph 37.

38.    DENIES the allegations in Paragraph 38.

39.    DENIES the allegations in Paragraph 39.

40.    DENIES the allegations in Paragraph 40.

41.    DENIES the allegations in Paragraph 41.

42.    DENIES the allegations in Paragraph 42.

3397600.2 3/13/2020

43.     DENIES the allegations in Paragraph 43.

44.     DENIES the allegations in Paragraph 44.

45.     DENIES the allegations in Paragraph 45.

46.     DENIES the allegations in Paragraph 46.

47.     DENIES the allegations in Paragraph 47.

48.     DENIES the allegations in Paragraph 48.

49.     DENIES the allegations in Paragraph 49.

50.     DENIES the allegations in Paragraph 50.

51.     DENIES the allegations in Paragraph 51.

52.     DENIES the allegations in Paragraph 52.

53.     DENIES the allegations in Paragraph 53.

54.     DENIES the allegations in Paragraph 54.

55.     DENIES the allegations in Paragraph 55.

56.     With respect to Paragraph 56, states that the publication cited therein speaks for itself and refers the Court to the publication for its contents, and DENIES any other allegations in said paragraph.

57.     With respect to Paragraph 57, states that the publication cited therein speaks for itself and refers the Court to the publication for its contents, and DENIES any other allegations in said paragraph.

58.     With respect to Paragraph 58, ADMITS that the use of debit cards has increased between 2011 and 2016, and DENIES any other allegations in said paragraph, and further states that the publication cited in footnote 2 speaks for itself and refers the Court to the publication for its contents.

3397600.2 3/13/2020

59.     With respect to Paragraph 59, DENIES knowledge or information sufficient to form a belief as to the truth of why a particular consumer switched from cash to debit cards and what individual consumers believe, and DENIES any other allegations in said paragraph.

60.     DENIES the allegations in Paragraph 60.

61.     With respect to Paragraph 61, ADMITS that plaintiff Thompson made the three charges to her account alleged on Saturday, September 16, 2017, and that she was charged overdraft fees on those transactions on Monday September 18, 2017, and further state that those overdraft fees have been reversed and rebated to her account, and DENIES any other allegations in said paragraph.

62.     With respect to Paragraph 62, ADMITS that plaintiff Thompson made the charge to her account alleged on January 30, 2017, and that she was charged an overdraft fee on that transaction on February 1, 2017, and further state that the overdraft fee has been reversed and rebated to her account, and DENIES any other allegations in said paragraph.

63.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 with respect to why plaintiff Doxey is bringing this action, and DENIES any other allegation in said paragraph.

64.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.     DENIES the allegations in Paragraph 66.

67.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

3397600.2 3/13/2020

68.     DENIES the allegations in Paragraph 68.

69.     DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.     With respect to Paragraph 70, ADMITS that three ACH transactions were initiated by Merrill Lynch in the amounts alleged on November 19, 2019, and DENIES any other allegations in said paragraph.

71.     With respect to Paragraph 71, ADMITS that Plaintiff Doxey was charged an overdraft fee, and further state that the overdraft fee was reversed and rebated to her account, and DENIES any other allegations in said paragraph.

72.     DENIES the allegations in Paragraph 72.

73.     With respect to Paragraph 73, ADMITS that plaintiff Doxey's Community Bank checking account is governed by Community Bank's standardized terms and conditions and DENIES any other allegations in said paragraph.

74.     DENIES the allegations in Paragraph 74.

75.     DENIES the allegations in Paragraph 75.

76.     DENIES the allegations in paragraph 76.

77.     DENIES the allegations in paragraph 77.

78.     DENIES the allegations in Paragraph 78.

79.     DENIES the allegations in Paragraph 79.

80.     With respect to Paragraph 80, ADMITS that plaintiffs purport to bring this action on behalf of classes of depositors, but DENIES that plaintiffs can meet the standards for a class action under Rule 23 of the Federal Rules of Civil Procedure.

3397600.2 3/13/2020

81.     With respect to Paragraph 81, ADMITS that plaintiffs purport to bring claims on behalf of the stated classes, but DENIES that the proposed classes should be certified under Rule 23 of the Federal Rules of Civil Procedure.

82.     With respect to Paragraph 82, ADMITS that plaintiffs claim to reserve the right to modify or amend the definitions of the proposed classes but DENIES that any classes should be certified in this action.

83.     With respect to Paragraph 83, ADMITS that plaintiffs propose to exclude the specified persons from the proposed classes but DENIES that any classes should be certified in this action.

84.     DENIES the allegations in paragraph 84.

85.     DENIES the allegations in Paragraph 85.

86.     DENIES the allegations in Paragraph 86.

87.     DENIES the allegations in Paragraph 87.

88.     DENIES the allegations in Paragraph 88.

89.     DENIES the allegations in Paragraph 89.

90.     DENIES the allegations in Paragraph 90.

91.     DENIES the allegations in Paragraph 91.

92.     With respect to Paragraph 92, repeats each statement set forth above.

93.     ADMITS the allegations in Paragraph 93.

94.     DENIES the allegations in Paragraph 94.

95.     DENIES the allegations in Paragraph 95.

96.     DENIES the allegations in Paragraph 96.

97.     DENIES the allegations in Paragraph 97.

3397600.2 3/13/2020

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations of the Amended Complaint and without admitting or acknowledging that Community Bank bears any burden of proof as to any of them, Community Bank asserts the following:

## DEFENSES

Community Bank asserts the following defenses as additional or affirmative defenses. In asserting these defenses, Community Bank does not assume the burden of proof with respect to any issue as to which the applicable law puts the burden upon Plaintiffs.  Community Bank expressly reserves the right to assert any and all other defenses that may be determined to exist throughout the course of this Action.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

1.     The Court lacks subject matter jurisdiction over this action because the aggregated claims of the putative class members do not exceed $5,000,000 and the amount in controversy therefore does not meet the minimum jurisdictional requirement in 28 U.S.C. § 1332(d)(2) and (6).

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs waived a jury trial in the Terms and Conditions – Account Agreement.

## THIRD AFFIRMATIVE DEFENSE

3.     Certain members of the putative classes have waived participation and agreed to arbitrate any claim against Community Bank.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

4.     Plaintiffs and the putative class members are not entitled to recover under their claims for relief because the Amended Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5.     Plaintiffs and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Standing)

6.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert claims on their own behalf or on behalf of the putative class members including because the overdraft fees they alleged incurred have been rebated to their accounts and because they suffered no actual injury from the processing of their debit transactions in the manner alleged in the complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.     Plaintiffs and the putative class members are barred from obtaining any relief because they knowingly and voluntarily waived the rights Plaintiffs now attempt to assert.

## EIGHTH AFFIRMATIVE DEFENSE

3397600.2 3/13/2020

**(Laches)**

8.     Plaintiffs and the putative class members are barred from obtaining any relief by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

**(Estoppel)**

9.     Plaintiffs and the putative class members' recovery is limited or barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

10.     Plaintiffs and the putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

11.     Plaintiffs and the putative class members' recovery is limited or barred due to their failure to mitigate their damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

**(Safe Harbor)**

12.     Plaintiffs and the putative class members' claims are barred, in whole or in part, because Community Bank complied with all applicable laws and regulations.

3397600.2 3/13/2020

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

13.     Plaintiffs and the putative class members' recovery is limited or barred because they owe Community Bank money.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

14.     Plaintiffs and the putative class members' claims are barred, in whole or in part, because they acquiesced in the conduct complained of including by failing to object to overdraft fees disclosed on their monthly statements.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

15.     Plaintiffs and the putative class members' claims are barred, in whole or in part, because they have been unjustly enriched.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

16.     Plaintiffs and the putative class members' claims are barred, in whole or in part, under the voluntary payment doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Commercial Standards)

17.     Plaintiffs and the putative class members' claims are barred, in whole or in part, because Community Bank acted in accordance with reasonable commercial standards.

3397600.2 3/13/2020

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Course of Dealing)

18.     Plaintiffs and the putative class members are barred from challenging Community Bank's interpretation, application, and implementation of the terms and provisions of the contracts governing their accounts (including whether Community Bank's interpretation, application, and implementation were in accordance with any obligation of good faith and fair dealing) because Plaintiffs and the putative class members acquiesced in Community Bank's interpretation, application, and implementation of the contractual terms and provisions as a course of dealing, and benefited from Community Bank's interpretation, application, and implementation of the contractual terms and provisions which practices were clearly disclosed on Plantiffs' monthly statements.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Preemption)

19.     Plaintiffs and the putative class members' claims are barred, in whole or in part, because they are preempted by federal law.

**WHEREFORE**, Community Bank respectfully demands judgment:

1.     Dismissing the Amended Complaint;

2.     Awarding it costs and disbursements; and

3.     Such other and further relief as is just and proper.

Dated:  March 13, 2020                    BOND, SCHOENECK & KING, PLLC

                                         By:___*s/Jonathan B. Fellows*_____
                                              Jonathan B. Fellows, Esq. (101628)

3397600.2 3/13/2020

One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8000
E-mail:  jfellows@bsk.com

KATTEN, MUCHIN LAW FIRM
  Stuart M. Richter, Esq. (*pro hac vice*)
  Andrew J. Demko, Esq. (*pro hac vice*)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
E-mail:  stuart.richter@kattenlaw.com
E-mail:  Andrew.demko@kattenlaw.com
*Attorneys for Defendant*

TO: James R. Peluso, Esq.
  DREYER BOYAJIAN LaMARCHE SAFRANKO
  *Attorneys for Plaintiff*
  75 Columbia Street
  Albany, New York 12210
  Telephone: (518) 463-7784
  E-mail:  jpeluso@dbls.com

  Jeffrey D. Kaliel (pro hac vice)
  Sophia G. Gold (pro hac vice)
  KALIEL PLLC
  1875 Connecticut Avenue NW, 10th Floor
  Washington, DC  20009
  Telephone: (202) 350-4783
  E-mail:  jkaliel@kalielpllc.com
    sgold@kalielpllc.com

  Jeffrey Ostrow, Esq. (pro hac vice)
  Jonathan M. Streisfeld, Esq. (pro hac vice)
  Daniel Tropin, Esq. (pro hac vice)
  KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT
  One West Las Olas Blvd., Suite 500
  Fort Lauderdale, Florida  33301
  Telephone:  (954) 525-4100
  E-mail:  ostrow@kolawyers.com
    streisfeld@kolawyers.com
    tropin@kolawyers.com
    *Counsel for Plaintiffs and the Proposed Classes*

3397600.2 3/13/2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2020, I electronically filed the foregoing Answer, dated March 13, 2020, with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to All Counsel.

*s/Jonathan B. Fellows*
Jonathan B. Fellows (101628)

3397600.2 3/13/2020