# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TINA THOMPSON and SCOTT DOXEY, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | CASE NO.  8:19-cv-0919-MAD-CFH |
| vs. | |
| COMMUNITY BANK, N.A., | |
| Defendant. | |

## SETTLEMENT AGREEMENT AND RELEASES

This Settlement Agreement and Releases ("Settlement" or "Agreement")[1], dated as of December 4, 2020, is entered into by Plaintiffs, Tina Thompson and Scott Doxey, individually and on behalf of the Settlement Class, and Defendant Community Bank, N.A.. The Parties hereby agree to the following terms in full settlement of the action currently entitled *Charles Kelly, Tina Thompson and Scott Doxey v. Community Bank, N.A.*, No. 8:19-cv-0919, subject to Final Approval, by the United States District Court for the Northern District of New York.

## I.  Procedural History and Recitals

1.  On July 26, 2019, former Plaintiff Charles Kelly filed a putative class action complaint in the Action seeking damages, restitution, and declaratory relief arising from the allegedly unfair and unconscionable assessment and collection of APPSN Fees and Account Verification Fees.

2.  On November 15, 2019, Defendant filed a Motion to Dismiss the Complaint

---

[1] All capitalized terms herein have the meanings ascribed to them in Section II or various places in the Agreement.

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

3.       On December 15, 2019, Plaintiff Charles Kelly moved to amend the Complaint, adding two new plaintiffs, Tina Thompson and Scott Doxey.

4.       On February 18, 2020, the Court granted in part and denied in part Defendant's motion to dismiss, dismissing Plaintiff Charles Kelly's claims, and granting leave to amend for Plaintiff Thompson's APPSN fee claim and Plaintiff Doxey's Account Verification fee claim.

5.       On February 28, 2020, Plaintiffs Thompson and Doxey filed an Amended Complaint, alleging claims on behalf of two classes for breach of the Account agreement.

6.       On March 13, 2020, Defendant filed its Answer and Affirmative Defenses.

7.       The Parties were directed by the Court to submit their Case Management Plan on April 6, 2020, which resulted in the Court issuing its Scheduling Order on April 14, 2020.

8.       The Parties initiated the discovery process with Plaintiffs Thompson and Doxey serving document requests and interrogatories on March 24, 2020, to which Defendant served its written responses on June 29, 2020.

9.       The Court entered an Order directing the Parties to attend a mediation in an effort to resolve the putative class claims in this Action.

10.       On October 14, 2020, the Parties participated in a mediation before Eric D. Green. The Parties did not settle at the mediation, but further negotiations by the Parties resulted in the Settlement reflected in this Agreement. On October 20, 2020, the Parties filed a Notice of Settlement, confirming their agreement in principle and requesting that the Court stay all deadlines in the Action.

11.       The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims of the Releasing Parties. Defendant has entered into

this Agreement to resolve any and all controversies and disputes arising out of or relating to the allegations made in the Amended Complaint, and to avoid the burden, risk, uncertainty, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to or concede any of the allegations made in the Amended Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Amended Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to liquidate and recover on the claims asserted in the Amended Complaint, and to avoid the risk, delay, and uncertainty of continued litigation.  Plaintiffs do not in any way concede the claims alleged in the Amended Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.   <u>Definitions</u>

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

12.     "Account" means any consumer checking account maintained by Defendant.

13.     "Account Holder" means any person who has or had any interest, whether legal or equitable, in an Account during the Class Period.

146358862

14.    "Account Verification Fee Class" shall mean those current or former customers of Defendant who were assessed Account Verification Fees.

15.    "Account Verification Fees" shall mean Overdraft Fees that were charged and not refunded from January 1, 2015 to December 31, 2019, as a result of a verification process on the customer's Account that resulted in no change to their account balances.

16.    "Action" currently means *Charles Kelly, Tina Thompson and Scott Doxey v. Community Bank, N.A.*, No. 8:19-cv-0919.  The Parties agree to move the Court to modify the case style to eliminate the reference to Charles Kelly, at which time they agree the Action will mean *Tina Thompson and Scott Doxey v. Community Bank, N.A.*, No. 8:19-cv-0919, for all purposes.

17.    "Amended Complaint" means the Amended Complaint filed in this Action on February 28, 2020.

18.    "APPSN Fees" means fees that Defendant charged and did not refund on signature Point of Sale Debit Card transactions from January 1, 2015 to December 31, 2019, where there was a sufficient available balance at the time the transaction was authorized, but an insufficient available balance at the time the transaction was presented to Defendant for payment and posted to a customer's Account.

19.    "APPSN Fee Class" means those current or former customers of Defendant who were assessed APPSN Fees.

20.    "Class Counsel" means:

| KOPELOWITZ OSTROW P.A. | KALIEL PLLC |
|---|---|
| Jeff Ostrow, Esq. | Jeffrey Kaliel, Esq. |
| Jonathan M. Streisfeld, Esq. | Sophia Goren Gold, Esq. |
| 1 West Las Olas Blvd. | 1875 Connecticut Ave. NW |
| Suite 500 | 10th Floor |
| Fort Lauderdale, FL 33301 | Washington, DC 20009 |

21.    "Class Period" means the period from January 1, 2015 to December 31, 2019.

22.    "Class Representatives" means Tina Thompson and Scott Doxey.

23.    "Court" means the United States District Court for the Northern District of New York.

24.    "Current Account Holder" means a Settlement Class Member who continues to have his or her Account as of the date that the Net Settlement Fund is distributed to Settlement Class Members pursuant to this Agreement.

25.    "Debit Card" means a card or similar device issued or provided by Defendant, including a debit card, check card, or automated teller machine ("ATM") card that can or could be used to debit funds from an Account by Point of Sale and/or ATM transactions.

26.    "Defendant" means Community Bank, N.A.

27.    "Effective Date" means 10 days after the entry of the Final Approval Order provided no objections are made to this Agreement. If there are objections to the Agreement, then the Effective Date shall be the later of: (1) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (2) if appeals are taken from the Final Approval Order, then the earlier of 30 days after an appellate court ruling affirming the Final Approval Order or 30 days after entry of a dismissal of the appeal.

28.    "Email Notice" means a short form of notice that shall be sent by email to Settlement Class members who agreed to receive account statements by email in the form attached as *Exhibit 1*.

29.    "Final Approval" means the date that the Court enters the Final Approval Order.

30.    "Final Approval Hearing" is the hearing held before the Court wherein the Court

will consider granting Final Approval to the Settlement and further determine the amount of fees, costs awarded to Class Counsel and the amount of any Service Award to the Class Representatives.

33.     "Final Approval Order" means the final order that the Court enters granting Final Approval to the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of fees, and costs awarded to Class Counsel and the amount of any Service Award to the Class Representatives.

32.     "Long Form Notice" means the form of notice that shall be posted on the Settlement website created by the Settlement Administrator and shall be available to Settlement Class members by mail on request made to the Settlement Administrator in the form attached as *Exhibit 2*.

33.     "Net Settlement Fund" means the Settlement Fund, minus Court approved attorneys' fees, and costs awarded to Class Counsel, any Settlement Administration Costs, and any Court approved Service Award to the Class Representatives.

34.     "Notice" means the Email Notice, Long Form Notice, and Postcard Notice that the Parties will ask the Court to approve in connection with the Motion for Preliminary Approval of the Settlement.

35.     "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of Email Notice, Postcard Notice, and Long Form Notice, which shall be substantially in the forms as the exhibits attached to this Agreement.

36.     "Opt-Out Period" means the period that begins the day after the earliest date on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval

Hearing. The deadline for the Opt-Out Period shall be specified in the Notice.

37. "Overdraft Fee" means any fee or fees assessed to an Account Holder for items paid when the Account had insufficient funds.

38. "Party" means each of the Plaintiffs and Defendant and "Parties" means Plaintiffs and Defendant collectively.

39. "Past Account Holder" means a Settlement Class Member who no longer holds his or her Account as of the date that the Net Settlement Fund is distributed to Settlement Class Members pursuant to this Agreement.

40. "Plaintiffs" means Tina Thompson and Scott Doxey, collectively.

41. "Postcard Notice" shall mean the short form of notice that shall be sent by mail to Settlement Class members who did not agree to receive notices by email, or for whom the Settlement Administrator is unable to send Email Notice using the email address provided by Defendant, in the form attached as *Exhibit 1*.

42. "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement, substantially in the form of the exhibit attached to the Motion for Preliminary Approval.

43. "Preliminary Approval Order" means the order granting Preliminary Approval of this Settlement.

44. "Releasing Parties" means Plaintiffs and all Settlement Class Members, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf.

45. "Relevant Overdraft Fees" means APPSN Fees and Account Verification Fees.

46.     "Service Award" means any Court ordered payment to Plaintiffs for serving as Class Representatives, which is in addition to any payment due Plaintiffs as Settlement Class Members or foregiveness of Uncollected Overdraft Fees.

47.     "Settlement Administrator" means Epiq Systems. Settlement Class Counsel and Defendant may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of agreement, either Settlement Class Counsel or Defendant may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

48.     "Settlement Administration Costs" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration.

49.     "Settlement Class" means all current and former customers of Defendant with consumer checking accounts, who were charged a Relevant Overdraft Fee during the Class Period. Excluded from the Settlement Class is Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

50.     "Settlement Class Member" means any member of the Settlement Class who has not opted-out of the Settlement and who is entitled to the benefits of the Settlement, including a Settlement Class Member Payment and/or forgiveness of Uncollected Overdraft Fees.

51.     "Settlement Class Member Payment" means the cash distribution that will be made from the Net Settlement Fund to each Settlement Class Member, pursuant to the allocation terms of the Settlement.

52.      "Settlement Fund" means the $2,850,000.00 common cash fund Defendant is obligated to pay under the terms of this Settlement. The Settlement Fund shall be paid into an account established by the Settlement Administrator within 10 days of the Court's entry of the Final Approval Order, less the total amount that will be credited to Settlement Class Members by Defendant, as provided in Paragraph 76(d)(iii) below.

53.      "Settlement Website" means the website that the Settlement Administrator will establish as a means for Settlement Class members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long Form Notice, Preliminary Approval Order, and such other documents as the Parties agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website at least until Final Approval.

54.      "Uncollected Overdraft Fees" means any Relevant Overdraft Fees that were assessed but were not paid when an Account was closed and the Relevant Overdraft Fees charged off.

55.      "Value of the Settlement" means the Settlement Fund plus the Uncollected Overdraft Fees.

## III.    Certification of the Settlement Class

56.      For Settlement purposes only, Plaintiffs and Defendant agree to ask the Court to certify the Settlement Class under the Federal Rule of Civil Procedure 23.

## IV.    Settlement Consideration

57.      Within 10 days of Final Approval by the Court, Defendant shall pay $2,850,000.00 in cash to the Settlement Administrator to create the Settlement Fund for the benefit of the Settlement Class. The Settlement Fund shall be used to pay Settlement Class Members their

respective Settlement Class Member Payments; any and all attorneys' fees, and costs awarded to

Class Counsel; any Service Award to the Class Representatives; and all Settlement Administration

Costs. Defendant shall not be responsible for any other payments under this Agreement.

58.     Defendant shall forgive, waive, and agree not to collect from Settlement Class

Members all Uncollected Overdraft Fees, an amount calculated to be $610,833.02.

59.     For avoidance of doubt, it is agreed by the Parties that a Settlement Class Member

may qualify for a Settlement Class Member Payment and forgiveness of Uncollected Overdraft

Fees by virtue having paid one or more Relevant Overdraft Fees and having been assessed at least

one other Relevant Overdraft Fee that became an Uncollected Overdraft Fee.

## V.     Settlement Approval

60.     Upon execution of this Agreement by all Parties, Class Counsel shall promptly

move the Court for a Preliminary Approval Order.  The proposed Preliminary Approval Order

shall be attached to the motion, or otherwise filed with the Court, and shall be in a form agreed to

by Class Counsel and Defendant. The Motion for Preliminary Approval shall, among other things,

request that the Court: (1) preliminarily approve the terms of the Settlement as being within the

range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class pursuant to

Federal Rule of Civil Procedure 23, for settlement purposes only; (3) approve the Notice Program

set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the

procedures set forth herein for Settlement Class members to exclude themselves from the

Settlement Class or for Settlement Class Members to object to the Settlement; (5) stay the Action

pending Final Approval of the Settlement; and (6) schedule a Final Approval Hearing for a time

and date mutually convenient for the Court, Class Counsel, and counsel for Defendant, at which

the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was

made in good faith, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees, and costs and for a Service Award to the Class Representatives.

## VI.    <u>Settlement Administrator</u>

61.     The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program and distributing the Settlement Fund as provided herein.

62.      The duties of the Settlement Administrator are as follows:

a.     Use the name and address information for Settlement Class members provided by Defendant in connection with the Notice Program approved by the Court, for the purpose of distributing the Postcard Notice and Email Notice, and later mailing Settlement Class Member Payments to Past Account Holder Settlement Class Members, and to Current Account Holder Settlement Class Members where it is not feasible or reasonable for Defendant to make the Settlement Class Member Payments by a credit to the Current Settlement Class Members Accounts;

b.     Establish and maintain a post office box for requests for exclusion from the Settlement Class;

c.     Establish and maintain the Settlement Website;

d.     Establish and maintain an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the questions of Settlement Class members who call with or otherwise communicate such inquiries;

e.     Respond to any mailed Settlement Class member inquiries;

f.     Process all requests for exclusion from the Settlement Class;

g.      Provide weekly reports to Class Counsel and Defendant that summarizes the number of requests for exclusion received that week, the total number of exclusion requests received to date, and other pertinent information;

h.      In advance of the Final Approval Hearing, prepare a declaration or affidavit to submit to the Court confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Settlement Class member who timely and properly requested exclusion from the Settlement Class, and other information as may be necessary to allow the Parties to seek and obtain Final Approval.

i.      Distribute Settlement Class Member Payments by check to Past Account Holder Settlement Class Members and Current Account Holder Settlement Class Members who are unable to receive credits;

j.      Provide to Defendant the amount of the Settlement Class Member Payments to Current Account Holder Settlement Class Members and instruct Defendant to initiate the direct deposit or credit of Settlement Class Member Payments to Current Account Holder Settlement Class Members.

k.      Pay invoices, expenses, and costs upon approval by Class Counsel and Defendant, as provided in this Agreement;

l.      Provide notice of this Settlement as required under the Class Action Fairness Act, 28 U.S.C. § 1715; and

m.      Any other Settlement Administration function at the instruction of Class Counsel and Defendant, including, but not limited to, verifying that the Settlement Funds have been distributed.

146358862

## VII.   <u>Notice to Settlement Class Members</u>

63.     As soon as practicable after Preliminary Approval through the time directed by the Court, the Settlement Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court. The Notice shall include, among other information: a description of the material terms of the Settlement; a date by which Settlement Class members may exclude themselves from or "opt-out" of the Settlement Class; a date by which Settlement Class Members may object to the Settlement; the date upon which the Final Approval Hearing is scheduled to occur; and the address of the Settlement Website at which Settlement Class members may access this Agreement and other related documents and information. Class Counsel and Defendant shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Notices provided under or as part of the Notice Program shall not bear or include Defendant's logo or trademarks or the return address of Defendant, or otherwise be styled to appear to originate from Defendant.

64.     The Notice also shall include a procedure for Settlement Class members to opt-out of the Settlement Class. A Settlement Class member may opt-out of the Settlement Class at any time during the Opt-Out Period, provided the opt-out notice that must be sent to the Settlement Administrator is postmarked no later than the last day of the Opt-Out Period. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement. If an Account has more than one Account Holder, and if one Account Holder excludes himself or herself from the Settlement Class, then all Account Holders on that Account shall be deemed to have opted-out of the Settlement with respect to that Account, and no Account Holder shall be entitled to a payment under the Settlement.

65.     The Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, and costs and/or Service Award for the Class Representatives. Objections to the Settlement, to the application for fees and costs and/or to the Service Award must be mailed to the Clerk of the Court, Class Counsel, Defendant's counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Opt-Out Period, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

66.     For an objection to be considered by the Court, the objection must also set forth:

a.      the name of the Action;

b.      the objector's full name, address and telephone number;

c.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d.      the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlementor fee application;

14

f.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that of the filed objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

g.      any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

h.      the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

i.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

j.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant may conduct limited discovery on any objector or objector's counsel consistent with the Federal Rules of Civil Procedure.

67.      For those Settlement Class Members who are Current Account Holders, and have agreed, or Past Account Holders who had agreed, to receive Account statements from Defendant electronically, Defendant shall provide the Settlement Administrator with the most recent email addresses it has for these customers. The Settlement Administrator shall send the Email Notice to each such customer's last known email address, in a manner that is calculated to avoid being caught and excluded by spam filters or other devices intended to block mass email. For any emails that

are returned undeliverable, the Settlement Administrator shall send a Postcard Notice in the manner described below. The Email Notice shall inform Settlement Class members how they may request a copy of the Long Form Notice.

68.     For those Settlement Class members who are Current Account Holders of Defendant who have not agreed to, or Past Account Holders who had not agreed to, receive Account statements from Defendant electronically, the Postcard Notice shall be mailed to these customers by first class United States mail to the best available mailing addresses. Defendant shall provide the Settlement Administrator with last known mailing addresses for these customers. The Settlement Administrator shall run the names and addresses through the National Change of Address Registry and update as appropriate. If a mailed Postcard Notice is returned with forwarding address information, the Settlement Administrator shall re-mail the Postcard Notice to the forwarding address. For all mailed Postcard Notices that are returned as undeliverable, the Settlement Administrator shall use standard skip tracing devices to obtain forwarding address information and, if the skip tracing yields a different forwarding address, the Settlement Administrator shall re-mail the Postcard Notice once to the address identified in the skip trace, as soon as reasonably practicable after the receipt of the returned mail. The Postcard Notice shall inform Settlement Class Members how they may request a copy of the Long Form Notice.

69.     The Settlement Administrator shall maintain a database showing mail and email addresses to which each Notice was sent and any Notices that were not delivered by mail and/or email. In addition to weekly updates to the Parties regarding the progress of the Notice Program and the declaration or affidavit by the Settlement Administrator in advance of the Final Approval Hearing and in support of the motion for Final Approval, a summary report of the Notice Program shall be provided to the Parties three days prior to the Final Approval Hearing. The database

maintained by the Settlement Administrator regarding the Notices shall be available to the parties and the Court upon request. It shall otherwise be confidential and shall not be disclosed to any third party. To the extent the database is provided to Class Counsel, it shall be kept confidential, not be shared with any third party and used only for purposes of implementing the terms of this Agreement, and shall not be used for any other purposes.

70.     The Email Notice, Postcard Notice, and Long Form Notice shall be in forms approved by the Court and, substantially similar to the notice forms attached hereto as *Exhibits 1* and *2*. The parties may by mutual written consent make non-substantive changes to the Notices without Court approval.

**VIII.   <u>Final Approval Order and Judgment</u>**

71.     Plaintiffs shall file their motion for Final Approval of the Settlement, inclusive of Class Counsel's application for attorneys' fees, and costs and for a Service Award for the Class Representatives, no later than 15 days before the last day of the Opt-Out Period. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees, and costs and for the Service Awards for the Class Representatives. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to Class Counsel's application for attorneys' fees, and costs or the Service Award application, provided the objectors submitted timely objections that meet all of the requirements listed in the Agreement.

72.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting Final Approval of the Settlement and final judgment thereon, and whether to approve Class Counsel's request for attorneys' fees, and costs and any

Service Award.  Such proposed Final Approval Order shall, among other things:

    a.    Determine that the Settlement is fair, adequate and reasonable;

    b.    Finally certify the Settlement Class for settlement purposes only;

    c.    Determine that the Notice provided satisfies Due Process requirements;

    d.    Bar and enjoin all Releasing Parties from asserting any of the Released Claims; bar and enjoin all Releasing Parties from pursuing any Released Claims (defined below) against Defendant or its affiliates at any time, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

    e.    Release Defendant and the Released Parties from the Released Claims; and

    f.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## IX.    **Calculation and Disbursement of Settlement Class Member Payments.**

73.    Within 10 days after entry of the Final Approval Order, Defendant shall transfer the Settlement Fund to the Settlement Administrator, less the total amount that will be credited to Settlement Class Members by Defendant, as provided in Paragraph 76(d)(iii), below.

74.    All funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until distributed pursuant to this Agreement.

75.    All funds held by the Settlement Administrator at any time shall be deemed to be a Qualified Settlement Fund as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1.

76.    Payments shall be made from the Settlement Fund as follows:

    a.    <u>Class Counsels' Fees and Costs</u>. Class Counsels' reasonable attorneys' fees

and costs, as determined and approved by the Court, shall be paid from the Settlement Fund within 10 days after entry of the Final Approval Order. Class Counsel shall apply for an award of attorneys' fees of up to 33.33% of the Value of the Settlement, plus reimbursement of reasonable litigation costs, to be approved by the Court. Defendant agrees not to oppose an application for attorneys' fees of up to 33.33% of the Value of the Settlement, but reserves the right to oppose an application for attorneys' fees in excess of that amount. Should the Final Approval Order be reversed on appeal, Class Counsel shall immediately repay all attorneys' fees and costs to the Settlement Administrator; should the award of attorneys' fees and costs be reduced on appeal, Class Counsel shall immediately repay into the Settlement Fund an amount equal to the reduction ordered by the appellate court.

      b.   <u>Service Award</u>. Subject to Court approval, the Class Representatives shall be entitled to receive a Service Award of up to $5,000.00 each for their role as the Class Representatives.  The Service Awards shall be paid no later than 10 days after the Effective Date.

      c.   <u>Settlement Administrator's Fees and Costs</u>. Consistent with Section VI above, the Settlement Administrator's fees and costs shall be paid from the Settlement Fund within 10 days after invoicing to and approval by the Parties. The Parties and the Settlement Administrator agree that any fees or costs incurred by the Settlement Administrator prior to funding of the Settlement Fund shall be deferred and not invoiced until the Settlement Fund has been funded.  In the event the Final Approval Order is not entered or this Agreement is terminated pursuant to Section XII below, Defendant agrees to cover any costs incurred and fees charged by the Settlement Administrator pursuant to Section VII above prior to the denial of Final Approval or the termination of this Agreement.

      d.   <u>Settlement Class Member Payments</u>. Of the $2,850,000.00 paid into the

19

Settlement Fund, $2,830,000 (99.3%) is allocated to the APPSN Fee Class and $20,000.00 (.7%) is allocated to the Account Verification Fee Class. If applicable, Settlement Class Members may receive payments as members of the APPSN Fee Class and the Account Verification Fee Class. Based on this allocation, payments from the Net Settlement Fund to the Settlement Class Members shall be calculated as follows:

      i.   Settlement Class Members of the APPSN Fee Class shall be paid per incurred APPSN Fee calculated as follows: (0.993 of the Net Settlement Fund/Total APPSN Fees) x Total number of APPSN Fees charged to and paid by each APPSN Fee Class member;

      ii.   Settlement Class Members of the Account Verification Fee Class shall be paid per Account Verification Fee calculated as follows: (0.007 of the Net Settlement Fund/Total Account Verification Fees) x Total number of Account Verification Fees charged to and paid by each Account Verification Fee Class member;

      iii.   Settlement Class Member Payments shall be made no later than 90 days after the Effective Date, as follows:

          1.   For those Settlement Class Members who are Current Account Holders at the time of the distribution of the Settlement Fund, a credit in the amount of the Settlement Class Member Payment they are entitled to receive shall be applied to any account they are maintaining individually at the time of the credit. If by the deadline for Defendant to apply credits of Settlement Class Member Payments to

20

accounts Defendant is unable to complete certain credit(s), Defendant shall deliver the total amount of such unsuccessful Settlemetn Class Member Payment credits to the Settlement Administrator to be paid by check in accordance with subsection 2 below.

2. For those Settlement Class Members who are Past Account Holders at the time of the distribution of the Net Settlement Fund or at that time do not have an individual account, they shall be sent a check by the Settlement Administrator at the address used to provide the Notice, or at such other address as designated by the Settlement Class Member. For jointly held accounts, checks will be payable to all customers, and will be mailed to the first customer listed on the account. The Settlement Administrator will make reasonable efforts to locate the proper address for any check returned by the Postal Service as undeliverable and will re-mail it once to the updated address or, in the case of a jointly held account, and in the Settlement Administrator's discretion, to an accountholder other than the one listed first. The Settlement Class Member shall have one-hundred 180 days to negotiate the check. Any checks uncashed after 180 days shall be distributed pursuant to Section X.

iv. In no event shall any portion of the Settlement Fund revert to

21

Defendant.

e.   Forgiveness of Uncollected Overdraft Fees.  Uncollected Overdraft Fees shall be forgiven in full within 10 days after the Effective Date. Defendant shall update any negative reporting to Chexsystems or credit reporting agencies with respect to Settlement Class Members who receive forgiveness of Uncollected Overdraft Fees.

## X.   Disposition of Residual Funds

77.   Within one year after the date the Settlement Administrator mails the first Settlement Class Member Payment, any remaining amounts resulting from uncashed checks shall be distributed to an appropriate *cy pres* recipient agreed to by the Parties and approved by the Court.

## XI.   Releases

78.   As of the Effective Date, Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action, relating to the assessment of APPSN Fees or Account Verification Fees ("Released

Claims").

79.     Each Settlement Class Member is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against Defendant in any forum, action, or proceeding of any kind.

80.     Plaintiffs or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released herein, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by herein. Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Agreement, including by the release herein and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he/she never receives actual notice of the Settlement and/or never receives a distribution of funds or credits from the Settlement.  In addition to the releases made by Plaintiffs and Settlement Class Members above, Plaintiffs, including each and every one of their agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, and any person claiming through them, makes the additional following general release of all claims, known or unknown, in exchange and consideration of the Settlement set forth in this Agreement. These Plaintiffs agree to a general release of the Released Parties from all claims, demands, rights,

146358862

liabilities, grievances, demands for arbitration, and causes of action of every nature and description whatsoever, known or unknown, pending or threatened, asserted or that might have been asserted, whether brought in tort or in contract, whether under state or federal or local law.

81.     Nothing in this Agreement shall operate or be construed to release any claims or rights that Defendant has to recover any past, present, or future amounts that may be owed by Plaintiffs or by any Settlement Class Member on his/her accounts, loans or any other debts with Defendant, pursuant to the terms and conditions of such accounts, loans, or any other debts, with the exception of the Uncollected Overdraft Fees under this Agreement. Likewise, nothing in this Agreement shall operate or be construed to release any defenses or rights of set-off that Plaintiffs or any Settlement Class Member has, other than with respect to the claims expressly released by this Agreement, in the event Defendant and/or its assigns seeks to recover any past, present, or future amounts that may be owed by Plaintiffs or by any Settlement Class Member on his/her accounts, loans, or any other debts with Defendant, pursuant to the terms and conditions of such accounts, loans, or any other debts.

### XII.   **Termination of Settlement**

82.     This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

a.   The Court has entered the Preliminary Approval Order, as required by Section V above;

b.   The Court has entered the Final Approval Order as required by Section VIII, above, and all objections, if any, to such Order are overruled, and all appeals taken from such Order are resolved in favor of approval; and

c.   The Effective Date has occurred.

24

83.     If all of the conditions specified in Paragraph 82 are not met, then this Agreement shall be cancelled and terminated.

84.     Defendant shall have the option to terminate this Agreement if five percent (5%) or more of the total Settlement Class members opt out. Defendant shall notify Class Counsel and the Court of its intent to terminate this Agreement pursuant to this Section XII within 10 business days after the end of the Opt-Out Period, or the option to terminate shall be considered waived.

85.      In the event this Agreement is terminated, or fails to become effective, then the Parties shall be restored to their respective positions in this case as they existed as of the date of the execution of this Agreement. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

### XIII.     Effect of a Termination

86.     The grounds upon which this Agreement may be terminated are set forth herein above. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, and Defendant's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status *quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims and defenses will be retained and preserved.

87.     In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this

Agreement had not been negotiated, made or filed with the Court.

### XIV.   No Admission of Liability

88.     Defendant continues to dispute its liability for the claims alleged in the Action and maintains that its overdraft practices and representations concerning those practices complied, at all times, with applicable laws and regulations and the terms of the account agreements with its members. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

89.     Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted significant informal discovery, and conducted independent investigation of the challenged practices. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

90.     The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

91.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

92.     In addition to any other defenses Class Counsel may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

**XIX.    No Press Release**

93.     Neither Party shall issue any press release or shall otherwise initiate press coverage of the Settlement. If contacted, the Party may respond generally by stating that they are happy that the Settlement was reached and that it was a fair and reasonable result.

**XX.     Miscellaneous Provisions**

94.     Gender and Plurals.  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

95.     Binding Effect.  This Agreement shall be binding upon, and inure to for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

96.     Cooperation of Parties.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this

Agreement.

97. <u>Obligation to Meet and Confer</u>.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

98. <u>Integration</u>.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

99. <u>No Conflict Intended</u>.  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

100. <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York, without regard to the principles thereof regarding choice of law.

101. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

102. <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement

and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of their agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Defendant or its affiliates at any time, including during any appeal from the Final Approval Order.

103.    Notices.  All notices to Class Counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

> KOPELOWITZ OSTROW P.A.
> Jeff Ostrow, Esq.
> Jonathan M. Streisfeld. Esq.
> 1 West Las Olas Blvd., Suite 500
> Fort Lauderdale, Florida 33301
> Email: ostrow@kolawyers.com
> *Class Counsel*
>
> KALIEL PLLC
> Jeffrey Kaliel, Esq.
> Sophia Goren Gold
> 1875 Connecticut Avenue NW, 10th Floor
> Washington, DC 20009
> Email: jkaliel@kalielpllc.com
> *Class Counsel*
>
> KATTEN MUCHIN ROSENMAN LLP
> Stuart M. Richter, Esq.
> Andrew J. Demko, Esq.
> 2029 Century Park East, Suite 2600
> Los Angeles, CA 90067
> Email: stuart.richter@katten.com
> *Counsel for Community Bank, N.A.*

The notice recipients and addresses designated above may be changed by written notice.

Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice program.

104.   <u>Modification and Amendment</u>.  This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and counsel for Defendant and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

105.   <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

106.   <u>Authority</u>.  Class Counsel (for the Plaintiffs and the Settlement Class Members), and counsel for Defendant, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiffs and Defendant to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

107.   <u>Agreement Mutually Prepared</u>.  Neither Defendant nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

108.   <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the

DocuSign Envelope ID: 4AA0B39C-F6AA-4A3D-B3AF-E85C4F07BB0A

subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. Both Parties recognize and acknowledge that they and their experts reviewed and analyzed data for a subset of the time at issue and that they and their experts used extrapolation to make certain determinations, arguments, and settlement positions. The Parties agree that this Settlement is reasonable and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

109. <u>Receipt of Advice of Counsel.</u> Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Dated:  11/22/2020
_____

TINA THOMPSON
*Plaintiff*

Dated:  11/23/2020
_____

SCOTT DOXEY
*Plaintiff*

31

146358862

DocuSign Envelope ID: 4AA0B39C-F6AA-4A3D-B3AF-E85C4F07BB0A

Dated: November 20, 2020

Jeff Ostrow, Esq.
KOPELOWITZ OSTROW P.A.
*Class Counsel*

Dated: Nov 20, 2020

Jeff Kaliel (Nov 20, 2020 14:33 EST)

Jeffrey Kaliel, Esq.
KALIEL PLLC
*Class Counsel*

Dated: 12/4/2020

COMMUNITY BANK, N.A.

By: George J. Getman
ITS EVP & General Counsel

Dated: December 4, 2020

Stuart M. Richter, Esq.
KATTEN MUCHIN ROSENMAN LLP
*Counsel for Community Bank, N.A.*

32

# Exhibit 1 – Email and Postcard Notice

## Tina Thompson and Scott Doxey v. Community Bank, N.A.

**NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT**
<span style="color:red">**READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!**</span>
**IF YOU HAVE OR HAD A CHECKING ACCOUNT WITH COMMUNITY BANK, N.A. AND YOU WERE CHARGED CERTAIN OVERDRAFT FEES BETWEEN JANUARY 1, 2015 TO DECEMBER 31, 2019, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT AND/OR FORGIVENESS OF CERTAIN UNCOLLECTED OVERDRAFT FEES**

The United States District Court for the Northern District of New York has authorized this Notice; it is not a solicitation from a lawyer.

You may be a member of the Settlement Class in *Thompson, et al. v. Community Bank, N.A.*, in which the plaintiffs allege that defendant Community Bank, N.A. ("Defendant") unlawfully assessed certain Relevant Overdraft Fees between January 1, 2015 and December 31, 2019. If you are a member of the Settlement Class and if the Settlement is approved, you may be entitled to receive a cash payment from the $2,850,000.00 Settlement Fund and/or the forgiveness of Uncollected Overdraft Fees, benefits established by the Settlement.  If you are a member of the Settlement Class, you will receive a payment from the Settlement Fund so long as you do not opt out of or exclude yourself from the Settlement. **You do not have to do anything to be entitled to a payment from the Settlement Fund.**

The Court has preliminarily approved this Settlement. It will hold a Final Approval Hearing in this case on [INSERT DATE]. At that hearing, the Court will consider whether to grant Final Approval to the Settlement, and whether to approve payment from the Settlement Fund of up to $5,000.00 in a Service Award to each Class Representative, up to 33.33% of the Value of the Settlement as attorneys' fees, and reimbursement of costs to the attorneys and the Settlement Administrator. If the Court grants Final Approval of the Settlement and you do not request to be excluded from the Settlement, you will release your right to bring any claim covered by the Settlement. In exchange, Defendant has agreed to issue a credit to your Account, a cash payment to you if you are no longer a customer, and/or to forgive certain Relevant Overdraft Fees.

**To obtain a Long Form Notice and other important documents please visit [INSERT WEBSITE ADDRESS].  Alternatively, you may call [INSERT PHONE #].**
*If you do not want to participate in this Settlement—you do not want to receive a cash payment and/or the forgiveness of Uncollected Overdraft Fees and you do not want to be bound by any judgment entered in this case—you may exclude yourself by submitting an opt-out request postmarked no later than [PARTIES TO INSERT DATE].  If you want to object to this Settlement because you think it is not fair, adequate, or reasonable, you may object by submitting an objection postmarked no later than [PARTIES TO INSERT DATE].  You may learn more about the opt-out and objection procedures by visiting [PARTIES TO PROVIDE WEBSITE ADDRESS] or by calling [Insert Phone #].*

# Exhibit 2 – Long Form Notice

Tina Thompson and Scott Doxey
v.
Community Bank, N.A.

**NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT**

<span style="color:red">**READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!**</span>

**IF YOU HAVE OR HAD A CHECKING ACCOUNT WITH COMMUNITY BANK, N.A ("DEFENDANT") AND YOU WERE CHARGED CERTAIN OVERDRAFT FEES BETWEEN JANUARY 1, 2015 TO DECEMBER 31, 2019, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT**

The United States District Court for the Northern District of New York has authorized this Notice; it is not a solicitation from a lawyer.

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
| --- | --- |
| **DO NOTHING** | If you don't do anything, you will receive a payment from the Settlement Fund so long as you do not opt out of or exclude yourself from the settlement (described in the next box). |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT; RECEIVE NO PAYMENT BUT RELEASE NO CLAIMS** | You can choose to exclude yourself from the settlement or "opt out." This means you choose not to participate in the settlement. You will keep your individual claims against Defendant but you will not receive a payment for Relevant Overdraft Fees and/or forgiveness of Uncollected Overdraft Fees. If you exclude yourself from the settlement but want to recover against Defendant, you will have to file a separate lawsuit or claim. |
| **OBJECT TO THE SETTLEMENT** | You can file an objection with the Court explaining why you believe the Court should reject the settlement. If your objection is overruled by the Court, then you may receive a payment and/or forgiveness of Uncollected Overdraft Fees and you will not be able to sue Defendant for the claims asserted in this litigation. If the Court agrees with your objection, then the settlement may not be approved. |

These rights and options – **_and the deadlines to exercise them_** – along with the material terms of the settlement are explained in this Notice.

# BASIC INFORMATION

| **1.    What is this lawsuit about?** |
| --- |

The lawsuit that is being settled is entitled *Tina Thompson and Scott Doxey v. Community Bank, N.A.* It is pending in the United States District Court for the Northern District of New York, Case No. 19-cv-0919. The case is a "class action." That means that the "Class Representatives," Tina Thompson and Scott Doxey, are individuals who are acting on behalf of current and former customers who were assessed certain Relevant Overdraft Fees between January 1, 2015 to December 31, 2019.  The Class Representatives have asserted a claim for breach of the Account agreement.

Defendant does not deny it charged the fees the Class Representatives are complaining about, but contends it did so properly and in accordance with the terms of its agreements and applicable law. Defendant therefore denies that its practices give rise to claims for damages by the Class Representatives or any Settlement Class members.

| **2.    Why did I receive this Notice of this lawsuit?** |
| --- |

You received this Notice because Defendant's records indicate that you were charged one or more Relevant Overdraft Fees that are the subject of this action.  The Court directed that this Notice be sent to all Settlement Class members because each such member has a right to know about the proposed settlement and the options available to him or her before the Court decides whether to approve the settlement.

| **3.    Why did the parties settle?** |
| --- |

In any lawsuit, there are risks and potential benefits that come with a trial versus settling at an earlier stage. It is the Class Representatives' and their lawyers' job to identify when a proposed settlement offer is good enough that it justifies recommending settling the case instead of continuing to trial. In a class action, the Class Representatives' lawyers, known as Class Counsel, make this recommendation to the Class Representatives. The Class Representatives have the duty to act in the best interests of the class as a whole and, in this case, it is their belief, as well as Class Counsels' opinion, that this settlement is in the best interest of all Settlement Class members.

There is legal uncertainty about whether a judge or a jury will find that Defendant was contractually and otherwise legally obligated not to assess the fees at issue.  And even if it was contractually wrong to assess these fees, there is uncertainty about whether the Class Representatives' claims are subject to other defenses that might result in no or less recovery to Settlement Class members. Even if the Class Representatives were to win at trial, there is no assurance that the Settlement Class Members would be awarded more than the current settlement amount and it may take years of litigation before any payments would be made. By settling, the Settlement Class members will avoid these and other risks and the delays associated with continued litigation.

While Defendant disputes the allegations in the lawsuit and denies any liability or wrongdoing, it enters into the Settlement solely to avoid the expense, inconvenience, and distraction of further proceedings in the litigation.

## WHO IS IN THE SETTLEMENT

| **4.** | **How do I know if I am part of the Settlement?** |
|---|---|

If you received this notice, then Defendant's records indicate that you are a member of the Settlement Class who is entitled to receive a payment or credit to your Account.

## YOUR OPTIONS

| **5.** | **What options do I have with respect to the Settlement?** |
|---|---|

You have three options: (1) do nothing and you will receive a payment according to the terms of this Settlement; (2) exclude yourself from the settlement ("opt-out" of it); or (3) participate in the Settlement but object to it. Each of these options is described in a separate section below.

| **6.** | **What are the critical deadlines?** |
|---|---|

There is no deadline to receive a payment.  If you do nothing, then you will get a payment.

The deadline for sending a letter to exclude yourself from or opt-out of the settlement is _____.

The deadline to file an objection with the Court is also _____.

| **7.** | **How do I decide which option to choose?** |
|---|---|

If you do not like the Settlement and you believe that you could receive more money by pursuing your claims on your own (with or without an attorney that you could hire) and you are comfortable with the risk that you might lose your case or get less than you would in this Settlement, then you may want to consider opting out.

If you believe the Settlement is unreasonable, unfair, or inadequate and the Court should reject the Settlement, you can object to the Settlement terms. The Court will decide if your objection is valid. If the Court agrees, then the Settlement may not be approved and no payments will be made to you or any other member of the Settlement Class. If your objection (and any other objection) is overruled, and the Settlement is approved, then you may still get a payment and/or forgiveness of Uncollected Overdraft Fees, and will be bound by the Settlement.

If you want to participate in the Settlement, then you don't have to do anything; you will receive a payment if the Settlement is approved by the Court.

| **8.** | **What has to happen for the Settlement to be approved?** |
|---|---|

The Court has to decide that the Settlement is fair, reasonable, and adequate before it will approve it. The Court already has decided to provide Preliminary Approval of the Settlement, which is why you received a Notice. The Court will make a final decision regarding the Settlement at a "Fairness Hearing" or "Final Approval Hearing," which is currently scheduled for _____.

146358862

## THE SETTLEMENT PAYMENT

| **9.     How much is the Settlement?** |
|---|

Defendant has agreed to create a Settlement Fund of $2,850,000.00.  It will also forgive Uncollected Overdraft Fees totaling $610,833.02, as defined in the Settlement Agreement.

As discussed separately below, attorneys' fees, litigation costs, and the costs paid to a third-party Settlement Administrator to administer the Settlement (including mailing and emailing notice) will be paid out of the Settlement Fund. The Net Settlement Fund will be divided among all Settlement Class Members entitled to Settlement Class Member Payments based on formulas described in the Settlement Agreement.

| **10.     How much of the Settlement Fund will be used to pay for attorney fees and costs?** |
|---|

Class Counsel will request the Court to approve attorneys' fees of not more than 33.33% of the Value of the Settlement, and will request that it be reimbursed for litigation costs incurred in prosecuting the case. The Court will decide the amount of the attorneys' fees and costs based on a number of factors, including the risk associated with bringing the case on a contingency basis, the amount of time spent on the case, the amount of costs incurred to prosecute the case, the quality of the work, and the outcome of the case.

| **11.     How much of the Settlement Fund will be used to pay the Class Representatives a Service Award?** |
|---|

Class Counsel will request that the Class Representatives be paid a service award in the amount of $5,000.00 each for their work in connection with this case.  The Service Awards must be approved by the Court.

| **12.     How much of the Settlement Fund will be used to pay the Settlement Administrator's expenses?** |
|---|

The Settlement Administrator estimates its expenses at $81,371.

| **13.     How much will my payment be?** |
|---|

The balance of the Settlement Fund after attorneys' fees and costs, the service award and the Settlement Administrator's fees, also known as the Net Settlement Fund, will be divided among all Settlement Class Members entitled to Settlement Class Member Payments in accordance with the formulas outlined in the Settlement Agreement. Current customers of Defendant will receive a credit to their Accounts for the amount they are entitled to receive.  Former customers of Defendant shall receive a check from the Settlement Administrator.  Settlement Class Members entitled to forgiveness of Uncollected Overdraft Fees shall receive this benefit automatically.

| **14.     Do I have to do anything if I want to participate in the Settlement?** |
|---|

No. If you received this Notice, then you may be entitled to receive a payment for a Relevant Overdraft Fee and/or forgiveness of Uncollected Overdraft Fees without having to make a claim, unless you choose to exclude yourself from the settlement, or "opt out."

| **15.** | **When will I receive my payment?** |
|---|---|

The Court will hold a Final Approval Hearing on _____, at _____ to consider whether the Settlement should be approved. If the Court approves the Settlement, then payments should be made or credits should be issued approximately 90 days later.  However, if someone objects to the Settlement, and the objection is sustained, then there is no Settlement.  Even if all objections are overruled and the Court approves the Settlement, an objector could appeal, and it might take months or even years to have the appeal resolved, which would delay any payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **16.** | **How do I exclude myself from the settlement?** |
|---|---|

If you do not want to receive a payment or if you want to keep any right you may have to sue Defendant for the claims alleged in this lawsuit, then you must exclude yourself, or "opt-out."

To opt-out, you **must** send a letter to the Settlement Administrator that you want to be excluded. Your letter can simply say "I hereby elect to be excluded from the settlement in the *Tina Thompson and Scott Doxey v. Community Bank, N.A.* class action. Be sure to include your name, the last four digits of your account number(s) or former account number(s), address, telephone number, and email address. Your exclusion or opt-out request must be postmarked by _____, and sent to:

Tina Thompson and Scott Doxey v. Community Bank
Attn:
ADDRESS OF THE SETTLEMENT ADMINISTRATOR

| **17.** | **What happens if I opt-out of the Settlement?** |
|---|---|

If you opt-out of the Settlement, you will preserve and not give up any of your rights to sue Defendant for the claims alleged in this case. However, you will not be entitled to receive a payment from the settlement.

## OBJECTING TO THE SETTLEMENT

| **18.** | **How do I notify the Court that I do not like the Settlement?** |
|---|---|

You can object to the settlement or any part of it that you do not like **IF** you do not exclude yourself, or opt-out, from the Settlement. (Settlement Class members who exclude themselves from the Settlement have no right to object to how other Settlement Class members are treated.) To object, you **must** send a written document by mail or private courier (e.g., Federal Express) to the Clerk of Court, Settlement Administrator, Class Counsel, and Defendant's Counsel at the addresses below. Your objection must include the following information:

a.      the name of the Action;

b.      the objector's full name, address and telephone number;

c.      all grounds for the objection, accompanied by any legal support for the objection known to

38

the objector or objector's counsel;

d.      the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

f.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

g.      any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

h.      the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

i.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

j.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k.      the objector's signature (an attorney's signature is not sufficient).

All objections must be post-marked <u>no later</u> than _____, and must be mailed to the Settlement Administrator as follows:

| CLERK OF COURT | SETTLEMENT ADMINSTRATOR | CLASS COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|---|
| Clerk of the United States District Court for the Northern District of New York, which is located at 445 Broadway, Albany, New York 12207 | Tina Thompson and Scott Doxey v. Community Bank, N.A. Settlement Administrator Attn: ADDRESS OF THE SETTLEMENT ADMINISTRATOR | Jeffrey D. Kaliel Sophia Goren Gold Kaliel PLLC 1875 Connecticut Ave NW 10th Floor Washington, DC 20009 *and* Jeffrey Ostrow Jonathan M. Streisfeld Kopelowitz Ostrow P.A. One West Las Olas Boulevard Suite 500 Fort Lauderdale, Florida 33301 | Sturt M. Richter Andrew J. Demko Katten Muchin Rosenman LLP 2029 Century Park East, Suite 2600 Los Angeles, California 90067 |

| **19.** | **What is the difference between objecting and requesting exclusion from the settlement?** |
|---|---|

Objecting is telling the Court that you do not believe the Settlement is fair, reasonable, and adequate for the Settlement Class, and asking the Court to reject it. You can object only if you do not opt-out of the settlement. If you object to the Settlement and do not opt-out, then you are entitled to a payment for a Relevant Overdraft Fee and/or forgiveness of Uncollected Overdraft Fees if the Settlement is approved, but you will release claims you might have against Defendant. Excluding yourself or opting-out is telling the Court that you do not want to be part of the Settlement, and do not want to receive a payment for a Relevant Overdaft Fee or forgiveness of Uncollected Overdraft Fees, or release claims you might have against Defendant for the claims alleged in this lawsuit.

| **20.** | **What happens if I object to the Settlement?** |
|---|---|

If the Court sustains your objection, or the objection of any other member of the Settlement Class, then there is no Settlement. If you object, but the Court overrules your objection and any other objection(s), then you will be part of the Settlement.

## THE COURT'S FINAL APPROVAL HEARING

| **21.** | **When and where will the Court decide whether to approve the Settlement?** |
|---|---|

The Court will hold a Final Approval or Fairness Hearing at ___ on _____, 2020 at the United States District Court for the Northern District of New York, James T. Foley U.S. Courthouse, which is located at 445 Broadway, Courtroom 5, Albany, New York 12207. At this hearing, the

Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and litigation costs and the amount of the Service Awards to the Class Representatives.   The hearing may be virtual, in which case the instructions to participate shall be posted on the website at www._____.

| 22. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have submitted an objection, then you may want to attend.

| 23. | May I speak at the hearing? |
|-----|-----------------------------|

If you have objected, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection, described in Question 18, above, the statement, "I hereby give notice that I intend to appear at the Final Approval Hearing."

## THE LAWYERS REPRESENTING YOU

| 24. | Do I have a lawyer in this case? |
|-----|----------------------------------|

The Court ordered that the lawyers and their law firms referred to in this notice as "Class Counsel" will represent you and the other Settlement Class members.

| 25. | Do I have to pay the lawyer for accomplishing this result? |
|-----|------------------------------------------------------------|

No. Class Counsel will be paid directly from the Settlement Fund.

| 26. | Who determines what the attorneys' fees will be? |
|-----|--------------------------------------------------|

The Court will be asked to approve the amount of attorneys' fees at the Fairness Hearing. Class Counsel will file an application for attorneys' fees and costs and will specify the amount being sought as discussed above. You may review a physical copy of the fee application at the website established by the Settlement Administrator, or by requesting the court record online from the United States District Court for the Northern District of New York at https://eservices.archives.gov/orderonline.

146358862

### GETTING MORE INFORMATION

This Notice only summarizes the proposed Settlement. More details are contained in the Settlement Agreement, which can be viewed/obtained online at [WEBSITE] or at the Office of the Clerk of the United States District Court for the Northern District of New York, which is located at 445 Broadway, Albany, New York 12207, by asking for the Court file containing the Motion For Preliminary Approval of Class Settlement (the settlement agreement is attached to the motion) or obtaining a copy online at https://eservices.archives.gov/orderonline.

For additional information about the settlement and/or to obtain copies of the Settlement Agreement, or to change your address for purposes of receiving a payment, you should contact the Settlement Administrator as follows:

Tina Thompson and Scott Doxey v. Community Bank, N.A.
Settlement Administrator
Attn:

For more information, you also can contact the Class Counsel as follows:

Jeffrey D. Kaliel
Sophia Goren Gold
Kaliel PLLC
1875 Connecticut Ave NW
10th Floor
Washington, DC 20009
202-350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

Jeffrey Ostrow
Jonathan M. Streisfeld
Kopelowitz Ostrow P.A.
One West Las Olas Boulevard
Suite 500
Fort Lauderdale, Florida 33301
954-525-4100
Fax: 954-525-4300
ostrow@kolawyers.com
streisfeld@kolawyers.com

***PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF DEFENDANT CONCERNING THIS NOTICE OR THE SETTLEMENT.***

146358862