# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TINA THOMPSON and SCOTT DOXEY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>COMMUNITY BANK, N.A.,<br><br>    Defendant. | CASE NO.  8:19-cv-0919-MAD-CFH |

**JOINT DECLARATION OF CLASS COUNSEL
JEFF OSTROW AND JEFFREY KALIEL IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Jeff Ostrow and Jeffrey Kaliel, declare as follows:

1.      We are counsel of record for Plaintiffs and the proposed Class Counsel for the Settlement Class in the above-captioned matter. We submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Unless otherwise noted, we have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

2.      After several rounds of arms-length negotiation and settlement discussions, including full-day mediation session with mediator Eric D. Green, Plaintiffs, Class Counsel, and Community Bank entered into a Settlement Agreement in this matter, a true and correct copy of which is attached as *Exhibit A* to the Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement.[1]

3.      The firm resume of Kopelowitz Ostrow Ferguson Weiselberg Gilbert is attached as *Exhibit 1* to this declaration.

4.      The firm resume of Kaliel PLLC is attached as *Exhibit 2* to this declaration.

---

[1] The capitalized terms used herein are defined in and have the same meaning as used in the Settlement Agreement unless otherwise stated.

5.      As can be seen from these resumes, Class Counsel have substantial experience in the litigation, certification, and settlement of class action cases, specifically in the overdraft fee context. Based on our experience, Community Bank's counsel are also highly experienced in this type of litigation. It is thus our considered opinion that counsel for each side have fully evaluated the strengths, weaknesses, and equities of the Parties' respective positions and believe that the proposed settlement fairly resolves their respective differences.

6.      Before filing suit, Class Counsel spent many hours investigating the claims of several potential plaintiffs against Community Bank.  Class Counsel interviewed a number of customers and potential plaintiffs to gather information about Community Bank's conduct and its impact upon consumers.  This information was essential to Class Counsel's ability to understand the nature of Community Bank's conduct, the language of the account agreements at issue, and potential remedies.

7.      Class Counsel further expended significant resources researching and developing the legal claims at issue.

8.      Class Counsel is familiar with the claims as they have litigated and resolved several similar cases. Class Counsel is particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases.  Class Counsel also has experience in understanding the damages at issue, the information critical to determine class membership, and the data necessary to calculate each Settlement Class member's damages.

9.      The Action was filed on July 26, 2019. From the beginning, Community Bank vigorously defended the claims in the Action, including successfully moving to dismiss the claims of a previously named plaintiff.

10.      On October 10, 2019, Community Bank submitted a pre-motion letter to the Court requesting the right to move to dismiss the complaint, to which Plaintiff submitted a response on October 15, 2019. During the October 28, 2018 pre-motion conference, the Court permitted its filing and Community Bank filed a Motion to Dismiss the Complaint on November 15, 2019.

11.      On December 15, 2019, plaintiff Charles Kelly moved to amend the Complaint, adding two new plaintiffs, Tina Thompson and Scott Doxey. In addition to moving to amend the

Complaint, Plaintiff Kelly also responded to Community Bank's Motion to Dismiss, asserting that the amended complaint would render the Motion to Dismiss moot.

12.     On February 18, 2020, the Court granted in part and denied in part Plaintiff's motion to amend and granting in part and denied in part Community Bank's motion to dismiss. In pertinent part, plaintiff Charles Kelly's individual claims were dismissed, and leave to amend was granted.

13.     On February 28, 2020, Plaintiffs Thompson and Doxey filed an Amended Complaint, alleging claims on behalf of two classes for breach of the Account agreement. On March 13, 2020, Community Bank filed its Answer and Affirmative Defenses.

14.     The Parties initiated the discovery process with Plaintiffs Thompson and Doxey serving document requests and interrogatories on March 24, 2020, to which Community Bank served its written responses on June 29, 2020 and produced over 1,000 pages. Class Counsel, along with its expert, spent a significant amount of time analyzing data regarding Community Bank's fee revenue related to the assessment of the APPSN Fees and the Account Verification Fees at issue. The Parties conferred regarding the calculations' accuracy, with Community Bank retaining its own expert. Prior to mediation, Class Counsel and Plaintiff's expert used this data to analyze the damages at issue.

15.     The Parties met and conferred to discuss Community Bank's discovery objections, resulting in the filing of a letter motion on behalf of Plaintiffs on September 30, 2020 to which Community Bank filed its response on October 7, 2020. On October 16, 2020, Plaintiffs also filed a motion for discovery conference, which was granted. The Parties later jointly requested that the discovery conference be canceled simultaneously with their Notice of Settlement filed on October 20, 2020, which the Court granted.

16.     On October 14, 2020, the Parties participated in Court ordered mediation before a nationally-renowned mediator with substantial experience mediating consumer banking related claims, Eric D. Green. The mediation did not result in settlement, but after further negotiations, they agreed to the material settlement terms.

17.     On October 20, 2020, the Parties filed a Notice of Settlement, confirming their agreement in principle and requesting that the Court stay all deadlines in the Action pending the Parties execution of the Agreement and the filing of this Motion.

18.     In summary, this Action was heavily litigated prior to negotiating the Settlement. Class Counsel spent significant time communicating with Plaintiffs, investigating facts, researching the law, preparing the Complaint and Amended Complaint, engaging in discovery and motion practice, working with an expert witness, and reviewing important documents and data.

19.     On November 23, 2020, the Parties finalized and executed their formal Settlement Agreement.

20.     In reaching the conclusion that a cash settlement fund representing approximately 32% of the fees that were allegedly wrongly charged, and that obtaining Community Bank's additional agreement to forgive Uncollected Overdraft Fees that make the Value of the Settlement approximately 39% of the most probable damages, was a reasonable and fair amount, Class Counsel weighed a number of factors before deciding to settle. First, Class Counsel considered that Community Bank contends that the account agreements are not ambiguous. It was a distinct possibility that a jury could find in Community Bank's favor on this issue. Next, Class Counsel considered the possibility that this Court would deny class certification or at least limit class certification to New York residents, denying relief to tens of thousands of Community Bank Account Holders who reside in other states. Class Counsel also considered the amount of the settlement in comparison to a number of other similar bank fee settlements around the country and found it to be in line with those settlements. Finally, in reaching the conclusion that the Value of the Settlement of 39% of the potential damages in this Action is adequate, Class Counsel also considered that the Settlement Class is receiving real money and forgiveness of Uncollected Overdraft Fees, without having to take the step of submitting a claim or having to wait years for a trial and potential appeal.

21.     With the Court's approval, the Settlement Administrator will oversee the Notice Program and Settlement Administration.  The Notice Program is designed to provide the best notice practicable and is tailored to take advantage of the information Community Bank has available about

the Settlement Class.   The Notice Program is reasonably calculated to apprise Settlement Class members of: the material Settlement terms; a date by which Settlement Class members may exclude themselves from the Settlement Class; a date by which Settlement Class Members may object to the Settlement; the Final Approval Hearing date; and the Settlement Website address where the Settlement Class may access the Agreement and other related documents.   The Notice Program constitutes sufficient notice to all persons entitled to notice.   The Notice Program satisfies all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and constitutional due process.

22.     As part of the Settlement, Community Bank has agreed not to oppose Plaintiffs' request for a Service Award of up to $5,000.00 each, which will be formally requested when Final Approval of the Settlement is sought. The Service Award will compensate the Class Representatives for their time and effort and for the risks they assumed in prosecuting the Action.   Specifically, Plaintiffs provided assistance that enabled Class Counsel to successfully prosecute the Action and reach the Settlement, including: (1) submitting to interviews with Class Counsel; (2) locating and forwarding documents and information to Class Counsel; and (3) keeping apprised of the case and conferring with Class Counsel. In so doing, the Plaintiffs were integral to the case.

23.     Community Bank has also agreed not to oppose Class Counsel's request for attorneys' fees of up to 33.33% of the Settlement Fund, and to reimburse Class Counsel's expenses in this litigation. Class Counsel will seek no more than 33.33% of the Settlement Fund.   Class Counsel will formally request attorneys' fees when Final Approval of the Settlement is sought.   Class Counsel has not been paid for their extensive efforts or reimbursed for litigation costs and expenses.   The parties did not discuss attorneys' fees and costs or any potential Service Award until they first agreed on the material terms of the Settlement, including the definition of the Settlement Class, class benefits, and scope of relief.

24.     The Parties' negotiations were principled, with each side basing their offers and counteroffers on an analysis of discovery exchanged as well as damage data provided by Community Bank. In addition, the negotiations were based on the Parties' respective assessments of the strengths

and weaknesses of their positions, and interpretations of the law relative to those positions. The Parties concluded the benefits of settlement in this case outweigh the risks and uncertainties of continued litigation, as well as the attendant time and expenses associated with contested class certification proceedings and possible interlocutory appellate review if granted, completing the remaining class-wide merits discovery if the classes were certified, pretrial motion practice, trial, and finally appellate review.

25.     The Settlement in this case is the product of intensive, arms-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues in this Action.

26.     Plaintiffs maintain that their claims are meritorious; that they would establish liability and recover substantial damages if the case proceeded to trial; and that the final judgment recovered in favor of Plaintiffs and the certified classes would be affirmed on appeal. But Plaintiffs' ultimate success would require them to prevail, in whole or in part, at all of these junctures, and even then, might not provide the nationwide relief afforded under the Settlement Agreement. Conversely, Community Bank's success at any of these junctures could or would have spelled defeat for Plaintiffs and the Settlement Class. Thus, continued litigation posed significant risks and numerous uncertainties, as well as the time, expense, and delay associated with trial and appellate proceedings.

27.     On the basis of our investigation into this case and experience with and knowledge of the law and procedure governing the claims of Plaintiffs and the Settlement Class, it is our belief that it is in the best interests of the Settlement Class to enter into this Settlement. Indeed, in light of the risks, uncertainties, and delays associated with continued litigation, the Settlement represents a significant achievement by providing guaranteed benefits to Settlement Class Members in the form of direct cash compensation.

28.     With this Settlement, Plaintiffs achieved their desired goal in this litigation—i.e., obtaining repayment of the complained about fees for Community Bank's customers. The recovery provided by the Settlement includes a $2,850,000.00 cash Settlement Fund paid by Community Bank. The Net Settlement Fund, calculated by subtracting from the $2,850,000.00 Settlement Fund Court

approved attorneys' fees and expenses; any notice and administration expenses incurred; and any Court approved Service Award to Plaintiffs, will be distributed to Settlement Class Members as follows: 99.3% will be allocated to the APPSN Fee Class and .7% will be allocated to the Account Verification Fee Class.  These benefits are an excellent result for Settlement Class Members.

29.     At trial, Plaintiffs' best-case scenario would be full reimbursement of the fees under Plaintiffs' theories of liability. According to information provided to date by Community Bank and other data that will be provided to Plaintiffs' expert to ascertain all of the members of the Settlement Class and their respective harm incurred, the Settlement Class will include thousands of current and former consumer checking Account Holders during the Class Period.  As noted above, we expect that the Settlement Fund will represent approximately 32% of the Settlement Class' probable recoverable damages.  Including the forgiveness, waiver, and agreement not to collect an additional $610,833.02 in Uncollected Overdraft Fees, the recovery is approximately 39% of the probable recoverable damages.

30.     We are confident in the strength of Plaintiffs' case, but we are also pragmatic regarding the risks in continuing this Litigation, including the possibility that the Court would deny class certification or limit the certified class, or not prevail at trial. Community Bank continues to dispute that the fees were improperly assessed given its proffered contract interpretation. In this context, the amount of the Net Settlement Fund to be distributed automatically to class members will be an outstanding recovery.

31.     Each of these risks could have impeded Plaintiffs' and the Settlement Class's successful prosecution of their claims at trial and in an eventual appeal. While Plaintiffs disputes Community Bank's arguments, it was unclear how the arguments would be resolved at the class certification stage or trial. Thus, there was a substantial risk that class members could receive nothing at all.

32.     Moreover, even if Plaintiffs prevailed at trial, any recovery could be delayed by an appeal. Thus, even in the best case, it could take years to get relief for class members. The Settlement provides substantial relief to the Settlement Class without further delay.

33. Class Counsel has devoted substantial time and resources to this Action, and Plaintiffs and Class Counsel will vigorously protect the interests of the Settlement Class.

34. The numerosity requirement of Rule 23(a) is satisfied because the Settlement Class consists of tens of thousands of Community Bank customers, and joinder of all such persons is impracticable.

35. Liability questions common to all members of the Settlement Class substantially outweigh any possible issues that are individual to each member of the Settlement Class. There are multiple questions of law and fact – centering on Community Bank's alleged systematic practice of assessing fees – that are common to the Settlement Class, that are alleged to have injured all Settlement Class members in the same way, and that would generate common answers central to the viability of the claims were the Action to proceed to trial. Each Settlement Class member's relationship with Community Bank arises from account agreements that are the same or substantially similar in all relevant respects to other Settlement Class members' account agreements.

36. The Rule 23(b)(3) predominance requirement is readily satisfied because liability questions common to all members of the Settlement Class substantially outweigh any possible issues that are individual to each member of the Settlement Class. Liability questions common to all members of the Settlement Class substantially outweigh any possible issues that are individual to each member of the Settlement Class.

37. Plaintiffs are typical of absent members of the Settlement Class because they were subjected to the same Community Bank practices leading to the assessment of fees and suffered from the same injuries, and they will benefit equally from the relief provided by the Settlement.

38. Plaintiffs' interests are coextensive with, not antagonistic to, the interests of the Settlement Class because they and the absent Settlement Class members have the same interest in the relief the Settlement affords, and the absent members of the Settlement Class have no diverging interests.

39. Effective January 1, 2020, after this Action was filed, Community Bank modified its disclosures to better inform Account Holder they may incur an Overdraft Fee on Debit Card

transactions authorized against a positive available balance, if at the time of settlement, the account balance is negative. This practice change inures to the benefit of Settlement Class Members and to other Community Bank customers, which has resulted in and will continue to result in millions of dollars of savings.

I declare under penalty of perjury that the foregoing is true of my own personal knowledge. Executed in Fort Lauderdale, Florida this 14th day of January, 2020.

*/s/ Jeff Ostrow*
JEFF OSTROW

I declare under penalty of perjury that the foregoing is true of my own personal knowledge. Executed in Washington, D.C. this 14th day of January, 2020.

*/s/ Jeffrey Kaliel*
JEFFREY KALIEL

# EXHIBIT 1



# FIRM **RESUME**

One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301

**Telephone:** 954.525.4100
**Facsimile:** 954.525.4300
**Website:** www.kolawyers.com

**Miami  –  Fort Lauderdale  –  Boca Raton**

## OUR
## FIRM

For over two decades, Kopelowitz Ostrow Ferguson Weiselberg Gilbert (KO) has provided comprehensive, results-oriented legal representation to individual, business, and government clients throughout Florida and the rest of the country.  KO has the experience and capacity to represent its clients effectively and has the legal resources to address almost any legal need.  The firm's 26-plus attorneys have practiced at several of the nation's largest and most prestigious firms and are skilled in almost all phases of law, including consumer class actions, multidistrict litigation involving mass tort actions, complex commercial litigation, and corporate transactions.  In the class action arena, the firm has experience not only representing individual aggrieved consumers, but also defending large institutional clients, including multiple Fortune 100 companies.

## WHO
## WE ARE

The firm has a roster of accomplished attorneys.  Clients have an opportunity to work with some of the finest lawyers in Florida and the United States, each one committed to upholding KO's principles of professionalism, integrity, and personal service.  Among our roster, you'll find attorneys whose accomplishments include: being listed among the "Legal Elite Attorneys" and as "Florida Super Lawyers"; achieving an AV® Preeminent™ rating by the Martindale-Hubbell peer review process; being Board Certified in their specialty; serving as in-house counsel for major corporations, as a city attorney handling government affairs, as a public defender, and as a prosecutor; achieving multi-millions of dollars through verdicts and settlements in trials, arbitrations, and alternative dispute resolution procedures; successfully winning appeals at every level in Florida state and federal courts; and serving government in various elected and appointed positions.

KO has the experience and resources necessary to represent large putative classes.  The firm's attorneys are not simply litigators, but rather, experienced trial attorneys with the support staff and resources needed to coordinate complex cases.

**CLASS ACTION PLAINTIFF**

Since its founding, KO has initiated and served as co-lead counsel and liaison counsel in many high-profile class actions. Currently, the firm serves as liaison counsel in a multidistrict class action antitrust case against four of the largest contact lens manufacturers pending before Judge Schlesinger in the Middle District of Florida. *See* In Re: Disposable Contact Lens Antitrust Litigation, MDL 2626 as well as co-lead counsel in *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 9:20-md-02924-RLR (S.D. Fla.).

Further, the firm has served or is currently serving as lead or co-lead counsel in dozens of certified and/or proposed class actions against national and regional banks involving the unlawful re-sequencing of debit and ATM transactions resulting in manufactured overdraft fees, and other legal theories pertaining to overdraft fees and insufficient funds (NSF) fees. The cases are pending, or were pending, in various federal and state jurisdictions throughout the country, including some in multidistrict litigation pending in the Southern District of Florida and others in federal and state courts dispersed throughout the country. KO's substantial knowledge and experience litigating overdraft class actions and analyzing overdraft damage data has enabled the firm to obtain about a dozen multi-million dollar settlements (in excess of $400 million) for the classes KO represents.

Additionally, other current cases are being litigated against automobile insurers for failing to pay benefits owed to insureds with total loss vehicle claims; data breaches; false advertising; defective consumer products and vehicles; antitrust violations; and suits on behalf of students against colleges and universities arising out of the COVID-19 pandemic.

The firm has in the past litigated certified and proposed class actions against Blue Cross Blue Shield and United Healthcare related to their improper reimbursements of health insurance benefits.  Other insurance cases include auto insurers failing to pay benefits owed to insureds with total loss vehicle claims. Other class action cases include cases against Microsoft Corporation related to its Xbox 360 gaming platform, ten of the largest oil companies in the world in connection with the destructive propensities of ethanol and its impact on boats, Nationwide Insurance for improper mortgage fee assessments, and several of the nation's largest retailers for deceptive advertising and marketing at their retail outlets and factory stores.

## CLASS ACTION **DEFENSE**

The firm also brings experience in successfully defended many class actions on behalf of banking institutions, mortgage providers and servicers, an aircraft maker and U.S. Dept. of Defense contractor, a manufacturer of breast implants, and a national fitness chain.

## MASS TORT **LITIGATION**

The firm also has extensive experience in mass tort litigation, including the handling of cases against Bausch & Lomb in connection with its Renu with MoistureLoc product, Wyeth Pharmaceuticals related to Prempro, Bayer Corporation related to its birth control pill YAZ, and Howmedica Osteonics Corporation related to the Stryker Rejuvenate and AGB II hip implants. In connection with the foregoing, some of which has been litigated within the multidistrict arena, the firm has obtained millions in recoveries for its clients.

## OTHER AREAS **OF PRACTICE**

In addition to class action and mass tort litigation, the firm has extensive experience in the following practice areas: commercial and general civil litigation, corporate transactions, health law, insurance law, labor and employment law, marital and family law, real estate litigation and transaction, government affairs, receivership, construction law, appellate practice, estate planning, wealth preservation, healthcare provider reimbursement and contractual disputes, white collar and criminal defense, employment contracts, environmental, and alternative dispute resolution.

## FIND US **ONLINE**

To learn more about KO, or any of the firm's other attorneys, please visit www.kolawyers.com.

# CLASS ACTION AND MASS TORT SETTLEMENTS

## FINANCIAL INSTITUTIONS

*Roberts v. Capital One, N.A.*, 16 Civ. 4841 (LGS) (S.D.N.Y 2020) - $17 million

*Lloyd v. Navy Federal Credit Union*, 17-cv-01280-BAS-RBB (S.D. Ca. 2019) - $24.5 million

*Farrell v. Bank of America, N.A.*, 3:16-cv-00492-L-WVG (S.D. Ca. 2018) - $66.6 million

*Bodnar v. Bank of America, N.A.*, 5:14-cv-03224-EGS (E.D. Pa. 2015) - $27.5 million

*Morton v. Green Bank*, 11-135-IV (20th Judicial District Tenn. 2018) - $1.5 million

*Hawkins v. First Tennessee Bank*, CT-004085-11 (13th Judicial District Tenn. 2017) - $16.75 million

*Payne v. Old National Bank*, 82C01-1012 (Cir. Ct. Vanderburgh 2016) - $4.75 million

*Swift. v. Bancorpsouth*, 1:10-CV-00090 (N.D. Fla. 2016) - $24.0 million

*Mello v. Susquehanna Bank*, 1:09-MD-02046 (S.D. Fla. 2014) – $3.68 million

*Johnson v. Community Bank*, 3:11-CV-01405 (M.D. Pa. 2013) - $1.5 million

*McKinley v. Great Western Bank*, 1:09-MD-02036 (S.D. Fla. 2013) - $2.2 million

*Blahut v. Harris Bank*, 1:09-MD-02036 (S.D. Fla. 2013) - $9.4 million

*Wolfgeher Commerce Bank*, 1:09-MD-02036 (S.D. Fla. 2013) - $18.3 million

*Case v. Bank of Oklahoma*, 09-MD-02036 (S.D. Fla. 2012) - $19.0 million

*Hawthorne v. Umpqua Bank*, 3:11-CV-06700 (N.D.Ca. 2012) - $2.9 million

*Simpson v. Citizens Bank*, 2:12-CV-10267 (E.D. Mi. 2012) - $2.0 million

*Nelson v. Rabobank*, RIC 1101391 (Riverside County, Ca. 2012) - $2.4 million

*Harris v. Associated Bank*, 1:09-MD-02036 (S.D. Fla. 2012) - $13.0 million

*LaCour v. Whitney Bank*, 8:11-CV-1896 (M.D. Fla. 2012) - $6.8 million

*Orallo v. Bank of the West*, 1:09-MD-202036 (S.D. Fla. 2012) - $18.0 million

*Taulava v. Bank of Hawaii*, 11-1-0337-02 (1st Cir. Hawaii 2011) - $9.0 million

*Trevino v. Westamerica*, CIV 1003690 (Marin County, CA 2010) - $2.0 million

## FALSE
## PRICING

*Gattinella v. Michael Kors* (USA), 14-Civ-5731 (WHP) (S.D. NY 2015) - $4.875 million

*Stathakos v. Columbia Sportswear*, 4:15-cv-04543-YGR (N.D. Ca. 2018) - Injunctive relief prohibiting deceptive pricing practices

## CONSUMER
## PROTECTION

*Walters v. Target Corp.*, 3:16-cv-1678-L-MDD (S.D. Cal. 2020) – $8.2 million

*Papa v. Grieco Ford Fort Lauderdale, LLC,* 18-cv-21897-JEM (S.D. Fla. 2019) - $4.9 million

*Bloom v. Jenny Craig, Inc.,* 18-cv-21820-KMM  (S.D. Fla. 2019) - $3 million

*DiPuglia v. US Coachways, Inc.,* 1:17-cv-23006-MGC (S.D. Fla. 2018) - $2.6 million

*Masson v. Tallahassee Dodge Chrysler Jeep, LLC,* 1:17-cv-22967-FAM (S.D. Fla. 2018) - $850,000

## MASS
## TORT

*In re Zantac (Ranitidine) Prods. Liab. Litig.*, 9:20-md-02924-RLR (S.D. Fla.) - MDL No. 2924 – Co-Lead Counsel

*In re: Stryker Rejuvenate and ABG II PRODUCTS LIABILITY LITIGATION*, 13-MD-2411 (17th Jud. Cir. Fla. Complex Litigation Division)

*In re: National Prescription Opiate Litigation*, 1:17-md-02804-DAP (N.D. Ohio) - MDL 2804

*In re: Smith and Nephew BHR Hip Implant Products Liability Litigation*, MDL-17-md-2775

*Yasmin and YAZ Marketing, Sales Practivces and Products Liability Litigation*, 3:09-md-02100-DRH-PMF (S.D. Ill.) – MDL 2100

*In re:  Prempro Products Liability Litigation*, MDL Docket No. 1507, No. 03-cv-1507 (E.D. Ark.)



# JEFF OSTROW

Managing Partner

### Bar Admissions
The Florida Bar

### Court Admissions
Supreme Court of the United States
U.S. Court of Appeals for the Eleventh Circuit
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Northern District of Florida
U.S. District Court, Northern District of Illinois
U.S. District Court, Eastern District of Michigan
U.S. District Court, Western District of Tennessee
U.S. District Court, Western District of Wisconsin

### Education
Nova Southeastern University, J.D. - 1997
University of Florida, B.S. – 1994

### Email: Ostrow@kolawyers.com

Jeff Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. He established his own law practice immediately upon graduation from law school in 1997, co-founded the current firm in 2001, and has since grown it to nearly 50 attorneys in 3 offices throughout South Florida. In addition to overseeing the firm's day-to-day operations and strategic direction, Mr. Ostrow practices full time in the areas of consumer class actions, sports and business law. He is a Martindale-Hubbell AV® Preeminent™ rated attorney in both legal ability and ethics.

Mr. Ostrow is an accomplished trial attorney who represents both Plaintiffs and Defendants, successfully trying many cases to verdict involving multi-million dollar damage claims in state and federal courts. Currently, he serves as lead counsel in nationwide and statewide class action lawsuits against many of the world's largest financial institutions in connection with the unlawful assessment of fees. To date, his efforts have successfully resulted in the recovery of over $400,000,000 for tens of millions of bank customers, as well as monumental changes in the way banks assess fees. In addition, Mr. Ostrow has litigated consumer class actions against some of the world's largest clothing retailers, health insurance carriers, technology companies, and oil conglomerates, along with serving as class action defense counsel for some of the largest advertising and marketing agencies in the world, banking institutions, real estate developers, and mortgage companies.

Mr. Ostrow often serves as outside General Counsel to companies, advising them in connection with their legal and regulatory needs. He has represented many Fortune 500® Companies in connection with their Florida litigation. He has handled cases covered by media outlets throughout the country and has been quoted many times on various legal topics in almost every major news publication, including the Wall Street Journal, New York Times, Washington Post, Miami Herald, and Sun-Sentinel. He has also appeared on CNN, ABC, NBC, CBS, FoxNews, ESPN, and almost every other major national and international television network in connection with his cases, which often involve industry changing litigation or athletes in Olympic Swimming, the NFL, NBA and MLB.

In addition to the law practice, he is the President of ProPlayer Sports LLC, a full-service sports agency and marketing firm. He represents both Olympic swimmers and select NFL athletes and is licensed by both the NFL Players Association and the NBA Players Association as a certified Contract Advisor.  Mr. Ostrow handles all player-team negotiations of contracts, represents his clients in legal proceedings, negotiates all marketing engagements, and oversees public relations and crisis management. He has extensive experience in negotiating, mediating and arbitrating a wide-range of issues on behalf of clients with the NFL Players Association, the International Olympic Committee, the United States Olympic Committee, USA Swimming and the United States Anti-Doping Agency.

He is the founder and President of Class Action Lawyers of American, a member of the Public Justice Foundation, and a lifetime member of the Million Dollar Advocates Forum. The Million Dollar Advocates Forum is the most prestigious group of trial lawyers in the United States. Membership is limited to attorneys who have won multi-million dollar verdicts. Additionally, he has been named as one of the top lawyers in Florida by Super Lawyers® for several years running, honored as one of Florida's Legal Elite Attorneys, recognized as a Leader in Law by the Lifestyle Media Group®, and nominated by the South Florida Business Journal® as a finalist for its Key Partners Award. Mr. Ostrow is a recipient of the Gator 100 award for the fastest growing University of Florida alumni-owned law firm in the world.'

When not practicing law, Mr. Ostrow serves on the Board of Governors of Nova Southeastern University's Wayne Huizenga School of Business and is a Member of the Broward County Courthouse Advisory Task Force. He is also the Managing Member of One West LOA LLC, a commercial real estate development company. Mr. Ostrow is a founding board member for the Jorge Nation Foundation, a 501(c)(3) non-profit organization that partners with the Joe DiMaggio Children's Hospital to send children diagnosed with cancer on all-inclusive Dream Trips to destinations of their choice. He has previously sat on the boards of a national banking institution and a national healthcare marketing company.



# ROBERT C. GILBERT

Partner

**Bar Admissions**
The Florida Bar
District of Columbia Bar

*Court Admissions*
Supreme Court of the United States
U.S. Court of Appeals for the 11th Circuit
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida

*Education*
University of Miami School of Law, J.D. - 1985
Florida International University, B.S. - 1982

*Email: Gilbert@kolawyers.com*

---

Robert C. "Bobby" Gilbert has over three decades of experience handling class actions, multidistrict litigation and complex business litigation throughout the United States. He has been appointed lead counsel, co-lead counsel, coordinating counsel or liaison counsel in many federal and state court class actions. Bobby has served as trial counsel in class actions and complex business litigation tried before judges, juries and arbitrators. He has also briefed and argued numerous appeals, including two precedent-setting cases before the Florida Supreme Court.

Bobby was appointed as Plaintiffs' Coordinating Counsel in *In re Checking Account Overdraft Litig.*, MDL 2036, class action litigation brought against many of the nation's largest banks that challenged the banks' internal practice of reordering debit card transactions in a manner designed to maximize the frequency of customer overdrafts. In that role, Bobby managed the large team of lawyers who prosecuted the class actions and served as the plaintiffs' liaison with the Court regarding management and administration of the multidistrict litigation.  He also led or participated in settlement negotiations with the banks that resulted in settlements exceeding $1.1 billion, including Bank of America ($410 million), Citizens Financial ($137.5 million), JPMorgan Chase Bank ($110 million), PNC Bank ($90 million), TD Bank ($62 million), U.S. Bank ($55 million), Union Bank ($35 million) and Capital One ($31.7 million).

Bobby has been appointed to leadership positions is numerous other class actions and multidistrict litigation proceedings. He is currently serving as co-lead counsel in *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 9:20-md-02924-RLR (S.D. Fla.), as well as liaison counsel in *In re Disposable Contact Lens Antitrust Litig.*, MDL 2626 (M.D. Fla.); liaison counsel in *In re 21st Century Oncology Customer Data Security Beach Litig.*, MDL 2737 (M.D. Fla.); and *In re Farm-Raised Salmon and Salmon Products Antitrust Litig.*, No. 19-21551 (S.D. Fla.). He previously served as liaison counsel for indirect purchasers in *In re Terazosin Hydrochloride Antitrust Litig.*, MDL 1317 (S.D. Fla.), an antitrust class action that settled for over $74 million.

For the past 18 years, Bobby has represented thousands of Florida homeowners in class actions to recover full compensation under the Florida Constitution based on the Florida Department of Agriculture's taking and destruction of the homeowners' private property. As lead counsel, Bobby argued before the Florida Supreme Court to establish the homeowners' right to pursue their claims; served as trial counsel in non-jury liability trials followed by jury trials that established the amount of full compensation owed to the homeowners for their private property; and handled all appellate proceedings. Bobby's tireless efforts on behalf of the homeowners resulted in judgments exceeding $93 million.

Bobby previously served as an Adjunct Professor at Vanderbilt University Law School, where he co-taught a course on complex litigation in federal courts that focused on multidistrict litigation and class actions. He continues to frequently lecture and make presentations on a variety of topics.

Bobby has served for many years as a trustee of the Greater Miami Jewish Federation and previously served as chairman of the board of the Alexander Muss High School in Israel, and as a trustee of The Miami Foundation.



# JONATHAN M. STREISFELD

Partner

### Bar Admissions
The Florida Bar

### Court Admissions
Supreme Court of the United States
U.S. Court of Appeals for the First, Fourth, Fifth Ninth, and Eleventh Circuits
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Northern District of Florida
U.S. District Court, Northern District of Illinois
U.S. District Court, Western District of Michigan
U.S. District Court, Western District of New York
U.S. District Court, Western District of Tennessee

### Education
Nova Southeastern University, J.D. - 1997
Syracuse University, B.S. - 1994

### Email: streisfeld@kolawyers.com

Jonathan M. Streisfeld joined KO as a partner in 2008. Mr. Streisfeld concentrates his practice in the areas of consumer class actions, business litigation, and appeals nationwide. He is a Martindale-Hubbell AV® Preeminent™ rated attorney in both legal ability and ethics.

Mr. Streisfeld has vast and successful experience in class action litigation, serving as class counsel in nationwide and statewide consumer class action lawsuits against the nation's largest financial institutions in connection with the unlawful assessment of fees. To date, his efforts have successfully resulted in the recovery of over $400,000,000 for millions of bank and credit union customers, as well as profound changes in the way banks assess fees. Additionally, he has and continues to serve as lead and class counsel for consumers in many class actions involving false advertising and pricing, defective products, and data breach. In addition, Mr. Streisfeld has litigated class actions against some of the largest health and automobile insurance carriers and oil conglomerates, and defended class and collective actions in other contexts.

Mr. Streisfeld has represented a variety of businesses and individuals in a broad range of business litigation matters, including contract, fraud, breach of fiduciary duty, intellectual property, real estate, shareholder disputes, wage and hour, and deceptive trade practices claims. He also assists business owners and individuals with documenting contractual relationships. Mr. Streisfeld also provides legal representation in bid protest proceedings.

Mr. Streisfeld oversees the firm's appellate and litigation support practice, representing clients in the appeal of final and non-final orders, as well as writs of certiorari, mandamus, and prohibition. His appellate practice includes civil and marital and family law matters.

Previously, Mr. Streisfeld served as outside assistant city attorney for the City of Plantation and Village of Wellington in a broad range of litigation matters. As a member of The Florida Bar, Mr. Streisfeld served for many years on the Executive Council of the Appellate Practice Section and is a past Chair of the Section's Communications Committee. Mr. Streisfeld currently serves as a member of the Board of Temple Kol Ami Emanu-El.



# JOSH LEVINE

Partner

*Bar Admissions*
The Florida Bar

*Court Admissions*
U.S. Court of Appeals for the Fifth Circuit
U.S. Court of Appeals for the Sixth Circuit
U.S. Court of Appeals for the Eleventh Circuit
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Northern District of Illinois

*Education*
University of Miami School of Law, J.D. - 2011
University of Central Florida, B.A. - 2006
*Email: levine@kolawyers.com*

Josh Levine is a litigation attorney, and his practice takes him all over the State of Florida and the United States. Mr. Levine focuses on civil litigation and appellate practice, primarily in the areas of class actions and commercial litigation.

Mr. Levine has handled over 175 appeals in all five of Florida's District Courts of Appeal and the Florida Supreme Court, as well as multiple federal appellate courts. Mr. Levine has represented both businesses and individuals in litigation matters, including contractual claims, fraud, breach of fiduciary duty, negligence, professional liability, enforcement of non-compete agreements, trade secret infringement, real estate and title claims, other business torts, insurance coverage disputes, as well as consumer protection statutes.

Mr. Levine is a member of the Florida Bar Appellate Court Rules Committee, currently serving as the vice-chair of the Civil Practice Subcommittee and is an active member of the Appellate Practice Section of the Florida Bar and the Broward County Bar Association. Mr. Levine recently completed a four-year term as a member of the Board of Directors of the Broward County Bar Association Young Lawyers Section.

Mr. Levine received a Juris Doctor degree, Magna Cum Laude, from the University of Miami School of Law. While attending law school, he served as an Articles and Comments Editor on the University of Miami Inter-American Law Review and was on the Dean's List, and a Merit Scholarship recipient. Mr. Levine also was awarded the Dean's Certificate of Achievement in Legal Research and Writing, Trusts & Estates, & Professional Responsibility classes.

Before joining KO, Mr. Levine worked at an Am Law 100 firm where he also focused on civil litigation and appellate practice, primarily representing banks, lenders, and loan servicers in consumer finance related litigation matters.



# DANIEL TROPIN

Partner

### Bar Admissions
The Florida Bar

### Court Admissions
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida

### Education

University of Virginia, J.D. - 2012
Emory University, B.A. - 2008

### Email: tropin@kolawyers.com

Daniel Tropin is a litigator who specializes in complex commercial cases and class action litigation. Mr. Tropin joined the law firm as a partner in 2018, and has a wealth of experience across the spectrum of litigation, including class actions, derivative actions, trade secrets, arbitrations, and product liability cases.

Mr. Tropin graduated from the University of Virginia law school in 2012, and prior to joining this firm, was an associate at a major Miami law firm and helped launch a new law firm in Wynwood. He received the Daily Business Review's Most Effective Lawyers, Corporate Securities award in 2014.  His previous representative matters include:

- Represented a major homebuilder in an action against a former business partner, who had engaged in a fraud and defamation scheme to extort money from the client. Following a jury trial, the homebuilder was awarded $1.02 billion in damages. The award was affirmed on appeal.

- Represented the former president and CEO of a cruise line in a lawsuit against a major international venture capital conglomerate, travel and entertainment company, based on allegations of misappropriation of trade secrets, breach of a non-disclosure agreement, and breach of a partnership agreement.

- Represented the CEO of a rapid finance company in an action seeking injunctive relief to protect his interest in the company.

- Represented a medical supply distribution company an action that involved allegations of misappropriation and breach of a non-circumvention agreement.

- Represented a mobile phone manufacturer and distributor in a multi-million-dollar dispute regarding membership interests in a Limited Liability Company, with claims alleging misappropriation of trade secrets and breach of fiduciary duty.

- Represented a major liquor manufacturer in a products liability lawsuit arising out of an incident involving flaming alcohol.

# EXHIBIT 2



**1875 Connecticut Ave., NW | 10th Floor**
**Washington, DC 20009**
**202.350.4783**
**www.kalielpllc.com**

## KALIEL PLLC

Kaliel PLLC was founded in 2017 and is a 100% contingency Plaintiffs'-side law firm. Our attorneys have decades of combined experience and have secured hundreds of millions of dollars for their clients. Our firm's practice focuses on representing consumers in class action litigation and specifically on cases in the consumer financial services sector. In the three years since our firm was founded, our firm has been appointed lead counsel or co-lead counsel in numerous class action and putative class action lawsuits in state and federal courts nationwide including most recently in *Roberts v. Capital One*, No. 1:16-cv-04841 (S.D.N.Y.); *Walters v. Target Corp.,* No. 3:16-cv-00492 (S.D. Cal.); *Robinson v. First Hawaiian Bank*, Civil No.17-1-0167-01 GWBC (1st Cir. Haw.); *Liggio v. Apple Federal Credit Union*, No. 18-cv-01059 (E.D. Va.); *Morris et al. v. Bank of America, N.A.,* No. 3:18-cv-00157-RJC-DSC (W.D.N.C.);  *Brooks et al. v. Canvas Credit Union*, 2019CV30516 (Dist. Ct. for Denver Cty., Colo.); *Figueroa v. Capital One, N.A.*, Case No. 3:18-cv-00692-JM-BGS (S.D. Cal.); *White v. Members 1st Credit Union*, Case No. 1:19-cv-00556-JEJ (M.D. Pa.); *Plummer v. Centra Credit Union*, Case No. 03D01-1804-PL-001903 (Cty. Of Bartholomew, Ind.); *Holt v. Community America Credit Union*, Case No. 4:19-cv-00629-FJG (W.D. Mo.); *Trinity Management v. Charles Puckett*, Case No. GCG-17-558960 (Super. Ct. Cty. Of San Francisco, Cal.); *Martin v. L&N Federal Credit Union*. No. 19-CI-022873 (Jefferson Circuit Court, Division One); and *Clark v. Hills Bank and Trust Company*, No. LACV080753 (Iowa Dist. Ct. Johnson Cty.)

As shown in the biographies of our attorneys and the list of class counsel appointments, Kaliel PLLC is well versed in class action litigation and zealously advocates for its clients. To learn more about Kaliel PLLC, or any of the firm's attorneys, please visit www.kalielpllc.com.



**<u>JEFFREY KALIEL</u>**

Jeffrey Kaliel earned his law degree from Yale Law School in 2005. He graduated from Amherst College summa cum laude in 2000 with a degree in Political Science, and spent one year studying Philosophy at Cambridge University, England.

Over the last 10 years, Jeff has built substantial class action experience. He has received "Washington D.C. Rising Stars Super Lawyers 2015" recognition.

Jeff has been appointed lead Class Counsel in numerous nationwide and state-specific class actions. In those cases, Jeff has won contested class certification motions, defended dispositive motions, engaged in data-intensive discovery and worked extensively with economics and information technology experts to build damages models. Jeff has also successfully resolved numerous class actions by settlement, resulting in hundreds of millions of dollars in relief for millions of class members.

Currently Jeff is actively litigating several national class action cases, including actions against financial services entities and other entities involved in predatory lending and financial services targeting America's most vulnerable populations.

Jeff's class action successes extend beyond financial services litigation.  He seeks to lead cases that serve the public interest.  Jeff has worked with nonprofits such as the Humane Society, Compassion Over Killing, and the National Consumers League to fight for truth in the marketplace on food and animal products.

Jeff has over a decade of experience in high-stakes litigation.  He was in the Honors Program at the Department of Homeland Security, where he worked on the Department's appellate litigation.  Jeff also helped investigate the DHS response to Hurricane Katrina in preparation for a Congressional inquiry.  Jeff also served as a Special Assistant US Attorney in the Southern District of California, prosecuting border-related crimes.

Jeff is a former Staff Sergeant in the Army, with Airborne and Mountain Warfare qualifications.  He is a veteran of the second Iraq war, having served in Iraq in 2003.

Jeff is admitted to practice in California and Washington, DC, and in appellate and district courts across the country.

Jeff lives in Washington, D.C. with his wife, Debbie, and their three children.



### SOPHIA GOREN GOLD

Sophia Goren Gold is a third-generation Plaintiffs' lawyer. A *summa cum laude* graduate of Wake Forest University and the University of California, Berkeley, School of Law, Sophia has spent her entire career fighting for justice.

A fierce advocate for those in need, Sophia's practice centers around taking on financial institutions, insurance companies, and other large corporate interests. Sophia has participated in hundreds of individual and class cases in both state and federal courts across the country. Collectively, she has helped secure tens of millions of dollars in relief on behalf of the classes she represents.

In addition to providing monetary relief, Sophia's extensive litigation experience has resulted in real-world positive change. For example, she brought litigation which resulted in the elimination of the Tampon Tax in the State of Florida, and she was influential in changing the state of Delaware's Medicaid policy, resulting in greater access to life-saving medication.

Sophia is currently representing consumers in numerous cases involving the assessment of improper fees by banks and credit unions, such as overdraft fees, insufficient funds fees, and out of network ATM fees. She is also currently representing consumers who have been the victims of unfair and deceptive business practices.

Sophia is admitted to practice in California and Washington, D.C. When not working, Sophia enjoys spending time with her husband and their goldendoodle.



**<u>BRITTANY CASOLA</u>**

Brittany Casola attended the University of Central Florida in Orlando and graduated in 2012 with a bachelor's degree in Political Science and a minor in Spanish. Brittany earned her Juris Doctorate from California Western School of Law in 2015 and graduated magna cum laude in the top 10% of her class.

Throughout the course of her law school career, she served as a judicial extern to the Honorable Anthony J. Battaglia for the United States District Court, Southern District of California and worked multiple semesters as a certified legal intern for the San Diego County District Attorney's Office. Brittany was awarded Academic Excellence Awards in law school for receiving the highest grade in Trial Practice, Health Law & Policy, and Community Property.

Before joining Kaliel PLLC, Brittany worked as a judicial law clerk for the Honorable Anthony J. Battaglia and as an associate attorney for Carlson Lynch LLP, specializing in consumer complex litigation.



## CLASS COUNSEL APPOINTMENTS

- *Roberts v. Capital One*, No. 1:16-cv-04841 (S.D.N.Y.);
- *Walters v. Target Corp.*, No. 3:16-cv-00492 (S.D. Cal.);
- *Figueroa v. Capital One, N.A.*, Case No. 3:18-cv-00692-JM-BGS (S.D. Cal.).
- *Robinson v. First Hawaiian Bank*, Civil No.17-1-0167-01 GWBC (1ˢᵗ Cir. Haw.);
- *Brooks et al. v. Canvas Credit Union*, 2019CV30516 (Dist. Ct. for Denver Cty., Colo.).
- *Liggio v. Apple Federal Credit Union*, Civil No. 18-cv-01059 (E.D. Va.);
- *Morris et al. v. Bank of America, N.A.*, Civil No. 3:18-cv-00157-RJC-DSC (W.D.N.C.);
- *White v. Members 1ˢᵗ Credit Union*, Case No. 1:19-cv-00556-JEJ (M.D. Pa.);
- *Plummer v. Centra Credit Union*, Case No. 03D01-1804-PL-001903 (Cty. Of Bartholomew, Ind.);
- *Holt v. Community America Credit Union*, Case No. 4:19-cv-00629-FJG (W.D. Mo.);
- *Trinity Management v. Charles Puckett*, Case No. GCG-17-558960 (Super. Ct. Cty. Of San Francisco, Cal.);
- *Martin v. L&N Federal Credit Union.* No. 19-CI-022873 (Jefferson Circuit Court, Division One);
- *Clark v. Hills Bank and Trust Company*, No. LACV080753 (Iowa Dist. Ct. Johnson Cty.)
- *Bodnar v. Bank of America, N.A.*, 5:14-cv-03224 (E.D. Pa.);
- *In re Higher One OneAccount Marketing and Sales Practice Litigation.*, No. 12-md-02407-VLB (D. Conn.).
- *Shannon Schulte, et al. v. Fifth Third Bank.*, No. 1:09-cv-06655 (N.D. Ill.);
- *Kelly Mathena v. Webster Bank*, No. 3:10-cv-01448 (D. Conn.);
- *Nick Allen, et al. v. UMB Bank, N.A., et al.*, No. 1016 Civ. 34791 (Cir. Ct. Jackson County, Mo.);
- *Thomas Casto, et al. v. City National Bank, N.A.*, 10 Civ. 01089 (Cir. Ct. Kanawha County, W. Va.);
- *Eaton v. Bank of Oklahoma, N.A.*, and *BOK Financial Corporation, d/b/a Bank of Oklahoma, N.A.*, No. CJ-2010-5209 (Dist. Ct. for Tulsa Cty., Okla.);
- *Lodley and Tehani Taulva, et al., v. Bank of Hawaii and Doe Defendants 1-50*, No. 11-1-0337-02 (Cir. Ct. of 1st Cir., Haw.);
- *Jessica Duval, et al. v. Citizens Financial Group, Inc., et al*, No. 1:10-cv-21080 (S.D. Fla.);
- *Mascaro, et al. v. TD Bank, Inc.*, No. 10-cv-21117 (S.D. Fla.);
- *Theresa Molina, et al., v. Intrust Bank, N.A.*, No. 10-cv-3686 (18th Judicial Dist., Dist. Ct. Sedgwick County, Kan.);
- *Trombley v. National City Bank*, 1:10-cv-00232-JDB (D.D.C.); *Galdamez v. I.Q. Data Internatonal, Inc.*, No. l:15-cv-1605 (E.D. Va.);
- *Brown et al. v. Transurban USA, Inc. et al.*, No. 1:15-CV-00494 (E.D. Va.);
- *Grayson v. General Electric Co.*, No. 3:13-cv-01799 (D. Conn.);
- *Galdamez v. I.Q. Data Internatonal, Inc.*, No. l:15-cv-1605 (E.D. Va.).