UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TINA THOMPSON and SCOTT DOXEY,
*on behalf of themselves and all others similarly situated*,

                                **Plaintiffs,**

  vs.                                                  8:19-CV-919
                                                         (MAD/CFH)

COMMUNITY BANK, N.A.,

                                **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **KOPELOWITZ OSTROW**<br>**FERGUSON WEISLBERG GILBERT**<br>One West Las Olas Boulevard<br>Suite 500<br>Fort Lauderdale, Florida 33301<br>Attorneys for Plaintiff | DANIEL TROPIN, ESQ.<br>JONATHAN M. STREISFELD, I, ESQ. |
| **KOPELOWITZ, OSTROW LAW FIRM**<br>200 S. W. 1st Avenue, Suite 1200<br>Fort Lauderdale, Florida 33301<br>Attorneys for Plaintiff | JEFFREY M. OSTROW, ESQ. |
| **DREYER BOYAJIAN LLP**<br>75 Columbia Street<br>Albany, New York 12210<br>Attorneys for Plaintiff | JAMES R. PELUSO, JR., ESQ. |
| **KALIEL PLLC**<br>1100 15th Street NW – 4th Floor<br>Washington, D.C. 20009<br>Attorneys for Plaintiff | JEFFREY D. KALIEL, ESQ.<br>SOPHIA GOREN GOLD, ESQ. |
| **KATTEN, MUNCHIN LAW FIRM**<br>2029 Century Park East<br>Suite 2600<br>Los Angeles, California 90067<br>Attorneys for Defendant | STUART M. RICHTER, ESQ.<br>ANDREW J. DEMKO, ESQ. |

1

| | |
|---|---|
| **BOND SCHOENECK & KING, PLLC – SYRACUSE**<br>One Lincoln Center<br>Syracuse, New York 13202<br>Attorneys for Defendant | **JONATHAN B. FELLOWS, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

The Court, having considered Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class and all of its supporting documents (collectively, the "Motion"), and the Settlement Agreement and Release executed by Defendant Community Bank on December 4, 2020 and by Plaintiffs Tina Thompson and Scott Doxey on November 22 & 23, 2020, respectively, (the "Settlement Agreement"), rules as follows:

1. Defined terms in this Order shall have the same meaning given such terms in the Settlement Agreement.

2. This Court finds on a preliminary basis that the class as defined in the Settlement Agreement ("Settlement Class") meets all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. Accordingly, the Court provisionally certifies the Settlement Class, which is composed of all current and former customers of Defendant with consumer checking accounts, who were charged a Relevant Overdraft Fee during the Class Period. *See* Settlement Agreement at ¶ 49.

3. The Court provisionally appoints Tina Thompson and Scott Doxey as the Class Representatives of the Settlement Class.

4. The Court appoints Epiq Class Action and Claims Solutions, Inc. as the Settlement Administrator under the terms of the Settlement Agreement.

5. For purposes of the Settlement Agreement, the Court further provisionally finds that counsel for the Settlement Class, Jeff Ostrow and Jonathan M. Streisfeld of Kopelowitz Ostrow P.A., and Jeffrey D. Kaliel and Sophia G. Gold of Kaliel PLLC, are qualified, experienced, and skilled attorneys capable of adequately representing the Settlement Class, and they are provisionally approved as Class Counsel.

6. This certification of a preliminary Settlement Class under this Order is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Defendant in this Action that any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule or common law.  Entry of this Order is without prejudice to the rights of Defendant to oppose class certification in this action should the settlement not be approved or not be implemented for any reason or to terminate the Settlement Agreement as provided in the Settlement Agreement.

7. The Court provisionally, and solely for purposes of this settlement, finds that the members of the Settlement Class are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the Class Members and these common issues predominate over any issues affecting only individual members of the Settlement Class, that the claims of Tina Thompson and Scott Doxey (the "Named Plaintiffs") are typical of the claims of the Settlement Class, that in prosecuting this Action and negotiating and entering into the Settlement Agreement, the Named Plaintiffs and their counsel have fairly and adequately protected the interests of the Settlement Class and will adequately represent the Settlement Class in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

8. The Court has reviewed the Settlement Agreement, the attached Notice of Pending Class Action and Proposed Settlement ("Notice") (Exhibit 1 to the Settlement Agreement), and the attached Long Form Notice (Exhibit 2 to the Settlement Agreement), and finds that the settlement memorialized therein falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval, and that the Notice should go out to the Settlement Class in the manner described in the Settlement Agreement. The settlement appears to be reasonable in light of the risk inherent in continuing with litigation. The Court also notes that the settlement is a non-reversionary one where no money will be returned to Defendant. The Court also notes that the settlement was arrived at after an arm's length negotiation involving experienced counsel.

9. The Court finds that the methods of giving notice prescribed in the Settlement Agreement meet the requirements of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and comply with the requirements of the Constitution of the United States, and all other applicable laws.

10. For the purposes stated and defined in the Settlement Agreement, the Court hereby sets the following dates and deadlines:

| Event | Deadline |
|---|---|
| Notice Program Complete (including Initial Mailed Notice and the Notice Re-Mailing Process) | Sixty Days Before Final Approval Hearing |
| Motion for Final Approval, Application for Attorneys' Fees, Expenses and Costs, and for a Service Award | Forty-Five Days Before Final Approval Hearing |
| Opt-Out Deadline | Thirty Days Before Final Approval Hearing |
| Deadline to Submit Objections | Thirty Days Before Final Approval Hearing |
| Deadline to Respond to Objections | Fifteen Days Before Final Approval Hearing |
| **Final Approval Hearing** | **July 20, 2021 at 12:00 p.m.** |

11. The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the Class, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

12. All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid from the Settlement Fund.

13. If the settlement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

Good cause appearing therefore, IT IS SO ORDERED.

**IT IS SO ORDERED.**

Dated: May 6, 2021
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge